STANLEY v. STANLEY.

1. FOREIGN ATTACHMENT—JUDGMENT—COLLATERAL ATTACK.—A defendant interposed a judgment as a prior lien upon land of his co-defendant, sought to be foreclosed under a mortgage, and plaintiff denied

that the judgment had any lien. As the record of the judgment showed that it was obtained under proceedings in foreign attachment, that there was no personal service upon the defendant thereto or appearance by him, and evidence *aliunde* was not required to show these facts, the denial of any lien to the judgment was not a collateral attack, and its effect as a judgment was properly before the court for determination.

2. IBID.—IBID.—A writ in foreign attachment is a proceeding *in rem*, operating only upon the property attached, but will authorize a judgment *in personam* if the defendant submits himself to the jurisdiction of the court by entering an appearance. In default of appearance, the court is without jurisdiction to render a judgment which would have any effect beyond the property subjected by the writ to a lien for the payment of the debt.

3. IBID.—IBID.—PRESUMPTIONS.—The character of the proceedings was best proved by the record of the court, and was thereby shown to have been a suit in foreign attachment; and there can be no presumptions as to matters which the record itself discloses.

4. IBID.—IBID.—RENEWAL EXECUTION.—Under summons to revive the judgment entered in the attachment suit, an order was rendered granting leave to plaintiff to renew the execution "according to law." *Held*, that this order did not give to the judgment any other force or effect than it originally had.

Before HUDSON, J., Richland, April, 1891.

This action was commenced in April, 1890. The opinion states the case.

*Messrs. W. D. Trantham* and *J. T. Hay*, for appellants.

*Mr. W. S. Monteith*, contra.

February 24, 1892. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was an action brought by the plaintiffs, as executors of William B. Stanley, deceased, to foreclose a mortgage upon the real and personal property of James D. Stanley, upon which there remains due a balance of $3,000, with interest from date at ten per centum per annum, amounting to about $4,200. The making, execution, and delivery of the note and mortgage and its non-payment are not disputed. It

was executed April 7, 1887. The defendant, Ellery M. Brayton, answered, setting up another mortgage of the same property, junior to that of the plaintiff's, for $1,158.60, besides interest, given by the said James D. Stanley to the Loan and Exchange Bank of Columbia, to secure the said Brayton as endorser for the said James D. Stanley; and he asked for the foreclosure also of said mortgage in this proceeding. These securities were also admitted.

The defendant, Berry Mobley, as administrator of the estate of Jesse B. Mobley, answered, setting up a judgment against the said James D. Stanley, entered originally at Lancaster court house, South Carolina, on February 22, 1869, in a case entitled "Jesse B. Mobley *v.* James D. Stanley." The claim was, that it was a valid judgment, with a lien reaching back to the time of its original entry (February 22, 1869), and, therefore, the oldest lien on all the property of the said James D. Stanley, covered by the aforesaid junior mortgages. The only real contest in the case arises out of this judgment and its alleged lien. The exemplification of the record of said judgment from Lancaster was offered in evidence, and the Circuit Judge states the facts as follows:

"That in the year 1867 the said James D. Stanley, being a non-resident of the State, and owning property in Lancaster and Kershaw Counties, a suit was commenced against him in Lancaster County by writ of foreign attachment, and upon that writ, declaration in foreign attachment so reciting, was duly filed April 17, 1867, and judgment was entered up February 22, 1869, and execution issued the same day, which was first lodged in the office of the sheriff of Lancaster, then withdrawn and lodged in the office of the sheriff of Kershaw March 4, 1869, and the attached property sold thereunder and the proceeds applied to the execution by the sheriff of Kershaw. That no further proceedings were taken thereunder until the year 1888. Meanwhile, in 1886, the defendant, James D. Stanley, became a resident of Richland County, South Carolina, acquired the property described in the proceedings, mortgaged the same in 1887, and in 1888 a transcript of the judgment was sent from Lancaster and docketed in Richland County, and on January 23, 1889, a

summons to renew execution was served by Berry Mobley as administrator upon James D. Stanley, and served upon him on January 24, 1889. That within the time limited by that summons, the said James D. Stanley served a copy of his return upon the attorneys for the judgment creditor, and filed the same with the clerk of the court of Lancaster. That the question of this renewal came up before Judge Norton March 13, 1890, and although this return was then on file, it seems not to have been brought to his notice, and an order was granted by him, giving leave to the plaintiffs to renew execution thereon "according to law" for the balance due upon the old execution, with interest from March 22, 1870. That execution was thereupon issued and sent with a transcript of the renewal order to Richland County, filed with the clerk, and lodged with the sheriff of Richland County, who sought to levy the execution upon the property described in the pleadings. No writ of attachment is found in the records—a memorandum being found, stating that the writ had been taken out by Gen. Kershaw, whose office, it was said, was subsequently burned, and its loss thus accounted for," &c.

Upon this statement of facts his honor held that the said judgment had no lien upon any of the mortgaged estate, and pronounced a decree of foreclosure of the mortgages according to their respective dates. From this decree Berry Mobley, administrator, appeals to this court. His grounds are numerous, and all being in the "Brief," we will not attempt to consider them *seriatim*. We think the points made, may all be covered and considered in the following propositions:

*First.* That the Circuit Judge erred in allowing a collateral attack to be made upon the judgment of Mobley.

There is no doubt that a judgment, perfectly regular on its face, and rendered by a competent court, having jurisdiction both of the subject matter and of the person, cannot be attacked collaterally. This is an important principle, and should be maintained in all its integrity. But what is a collateral attack? This court has held in *Turner* v. *Malone* (24 S. C., 404), "that a judgment is void as to parties not within the jurisdiction of the court, and when the jurisdictional defect appears on the face of the record, the judgment may be disregarded as a

7—35

nullity in any proceedings direct or collateral." In the same case it is said that "the whole record is always admissible in any proceedings, and if that discloses a jurisdictional infirmity, the judgment is absolutely void. But when that infirmity can only be shown by proof *aliunde*, contradicting the record, it can only be impeached by a direct proceeding. Under this principle the parties had the right to introduce in evidence the record." It seems that the test of a collateral attack is the necessity of showing the matter complained of by proof *aliunde*—outside of the record; but that if the alleged defect appears on the face of the record itself, the attack is *not* collateral. The record here discloses the fact that the Lancaster judgment against Stanley was entered in a suit, which, under the then existing law, was known as a warrant in foreign attachment. Even if we regard the judgment regular in form as a foreign attachment, so that the court below could not consider the regularity or irregularity of the proceedings in which the judgment was entered, the judge certainly had the right to give the judgment effect, in so far as the court which rendered it had acquired jurisdiction, and in order to do that it was necessary for him to look into process, only to see what jurisdiction had been acquired by the court which rendered the judgment. The record *showed* that the action was foreign attachment, that the defendant was absent from the State, that he was never served personally, or appeared, that his property attached was sold and applied by order of the court. And from these facts it followed that, as matter of law, there was no lien whatever against the defendant, Stanley, as to the unpaid portion of the said demand.

Foreign attachment, under our old law, was a purely statutory proceeding, and, as we think, its character, scope, force, and effect were well stated by his honor, Judge Frost, in delivering the judgment of the old Court of Appeals in the case of *Shooter* v. *McDuffie*, 5 Rich., 63. He said: "A writ in attachment (foreign) is, in the first instance, a proceeding *in rem*. It may be converted into a suit *in personam* by the absent debtor coming in and entering special bail to the action. But until that is done the proceeding continues to be *in rem*. The attached effects constitute a fund, subject to the order

and disposition of the court. It is by the order of the court paid to the attaching creditors in the order of precedence, which they have acquired, by the service of their several writs. The lien is acquired by the writ, not by the judgment. When the attached funds are distributed, the judgment is *functus officio.* It operates no lien, no execution can be taken out on it, and it creates no personal obligation," &c. See *Napier* v. *Gidiere*, Speer Eq., 230; *Bank* v. *McRea*, 2 Speer, 640; and *Cooper* v. *Reynolds*, 10 Wall., 308.

In the last case cited Mr. Justice Miller expressed it thus: "If the defendant appears (foreign attachment), the cause becomes mainly a suit *in personam*, with the additional incident that the property attached remains liable, under the control of the court, to answer to any demand that may be established against the defendant by the final judgment of the court. But if there is no appearance of the defendant, and no service of process on him, the case becomes in its essential nature a proceeding *in rem*, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff. That such is the nature of this proceeding is clearly evinced by two well established propositions, one of which is, that the judgment, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted," &c.

*Second.* Mobley, as administrator, complains that it was error in the judge to hold that the suit of Mobley *v.* Stanley, in the County of Lancaster, was a proceeding *in rem*, and not *in personam.*

As we have endeavored to show, the parties had the right to put in evidence the whole record of the Lancaster proceedings, which conclusively proved that the aforesaid action was *foreign attachment.* We do not know how the character of the proceedings could be better proved than by the record, which had all the *indicia* of such an action.

*Third.* The appellant further contends that his honor should have held that the judgment, having been rendered by a court having general jurisdiction, and being in form a personal judg-

ment, it must be presumed that everything was done that was necessary and proper to make it such a judgment. It is true, that there are cases where the court, in the absence of proof, and in the interest of justice, will presume that all things necessary and proper were done. But where, as here, the facts abundantly appear from the record itself, there would be no use or propriety in resorting to presumptions.

*Fourth.* But it is further contended that even if the judgment was *originally in rem*, the service to renew the execution, and the order of Judge Norton granting leave to renew it, made it from that time forth *a judgment in personam*, with a lien from the time of the lodgment, renewals, &c., in Richland County. It appears that when the defendant, Stanley, was served with summons in Richland County to show cause in Lancaster why the execution should not be renewed, he did not make default, but filed his return to the summons, objecting to the proposed renewal; but in some way or other, as supposed, the answer was not brought to the attention of the judge. It seems to us, however, that it really makes no difference whether the return was or not brought to the attention of Judge Norton; as he only granted leave that the execution might be renewed "according to law," which indicates that he was willing to renew the execution, simply in its old character of process *in a case in rem*, and that he did not undertake to give the renewal execution any effect or vitality which the old one did not have. We do not think that any order of renewal that could have been made could have the effect of changing the whole character of the proceedings and breathing the breath of life into an execution which was already *functus officio*.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.