14602

McDOUGALD v. SWIFT & CO. *ET AL.*

(194 S. E., 899)

*Messrs. Stevenson & Lindsay,* for appellant, cite:

*Messrs. Robinson & Robinson,* for respondent, cite:

January 18, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an action in tort by appellant against respondents arising out of the taking by respondents from the lawful possession of appellant of sixteen (twelve?) mules; it being alleged that appellant had a lien on this livestock, and that the taking was without warrant of law and over the violent protest of appellant, and that respondents used for their purpose the sheriff of Marlboro County.

Upon the conclusion of the testimony, the trial Judge directed a verdict in favor of respondents upon the ground that appellant, "through his course of actions at the time of the levy and immediately afterward, is (was) estopped from claiming a nullity of the execution"; and from this ruling and direction of verdict there is an appeal. Respondents served notice of "Additional Grounds To Sustain," Nos. 2 and 9 being as follows:

"2. That the Trial Court should have directed a verdict for the defendants upon the ground that the evidence does not show that the plaintiff had any lien on or any property right in the mules which would sustain an action against these defendants."

"9. That the Court should have directed a verdict for the defendants upon the ground that the law does not recognize any lien in favor of a creditor in possession, which is in substance the plaintiff's claim in the action."

A brief statement of the testimony necessary for an understanding of the issues follows:

Everett Brothers Company, a copartnership originally composed of J. L. Everett, W. N. Everett, Sr., and Mrs. Minnie E. Dockery (the last-named being the sister of the first two named), conducted large farms in Marlboro County, owning considerable land, and in their farming operations had become indebted to the respondent, Swift & Co., in the sum of $3,060.87, for which they had given their promissory note, and a crop mortgage for 1930. In 1927 or 1928, W. N. Everett, Sr., died, but the business had been continued as a copartnership without any change in the operations by the remaining members of the copartnership. Appellant had worked for Everett Brothers Company from 1908 until 1916, and from then until the end of 1930, as superintendent or overseer, and at the conclusion of the year 1930, the last year Everett Brothers Company operated the farms, they were indebted to him in the sum of $1,375.00, which had been reduced to $550.00 by the delivery to appellant by Everett Brothers Company of "feed stuffs," and the use of the mules hereinbefore and hereinafter referred to, for the years 1931 and 1932.

In 1931, J. L. Everett and Mrs. Minnie E. Dockery, then composing the firm of Everett Brothers Company, were nonresidents of the State of South Carolina, and on or about March 10, 1931, the respondent Swift & Co. commenced its action in the Court of Common Pleas for Marlboro County against said copartnership, and the individuals thereof, on the note above referred to, and for an accounting for the crops for 1930, procuring a warrant of attachment against the real estate of the said copartnership and individuals, situate in Marlboro County, which was duly attached by the sheriff of the county. There was no personal service nor its equivalent of the summons and complaint on either J. L. Everett or Minnie E. Dockery, made within the State of South Carolina, nor did they make a personal appearance.

A judgment by default was procured against J. L. Everett and Mrs. Dockery on April 18, 1931, and docketed on the same date in the office of the Clerk of Court.

On January 18, 1932, an execution on this judgment was procured, and by virtue thereof on February 9, 1932, the sheriff of Marlboro County levied upon sixteen mules and some farming implements, the property of Everett Brothers Company in the possession of appellant. There is no controversy over the farming implements.

By agreement no attempt was made to sell these mules until appellant could cultivate and have an opportunity of harvesting his crops grown in 1932, but on December 2, 1932, after due advertisement, and over the protest of appellant, the mules and farming implements were sold under the levy made under the execution, and the mules delivered to the purchaser.

The following is a copy of the formal notice given the sheriff by appellant through his attorneys at the hour of the sale:

"You will please be notified that the property which you are about to sell today under execution in the case of *Swift & Co. v. Everett Brothers Co.,* is subject to lien claim in favor of H. D. McDougald for approximately Five Hundred Fifty ($550.00) Dollars.

"Respective purchasers are hereby notified that possession of any of the property mentioned in your advertisement will not be delivered until this claim of Mr. McDougald's is satisfied in full."

Notwithstanding this formal notice, and the verbal notices of objection given at the sale, and the refusal of possession of the mules sold, the sale was held and forcible .possession of the mules given the purchaser.

We will give a résumé of the testimony forming the basis of the claim of a lien of appellant on the mules in question later on herein.

It is one of the contentions of appellant that the judgment of the respondent Swift & Co. against Everett Brothers Company was one *in rem* and not *in personam,* and that the judgment extended only to the real estate attached; in other words, that the levy under the execution on the judgment created no lien on the personal property of Everett Brothers Company.

If this were the turning point in this decision, we would set out more at length the Judgment Roll, and enter upon a full discussion of appellant's contention, but we are content to agree with appellant and refrain from citing authority, other than *Tillinghast v. Boston & P. R. Lunber Co.,* 39 S. C., 484, 18 S. E., 120, 22 L. R. A., 49; *Stanley v. Stanley,* 35 S. C., 94, 14 S. E., 675, and *Clark v. Melton,* 19 S. C., 498. However, the owners of the mules, following the sale, ratified the levy and sale. This cured even the jurisdictional defect in the judgment, and rendered the lien created by the levy under the execution valid.

There is quite a conflict in the testimony as to the "course of actions" of appellant at the time of the levy and afterward; and therefore, granting that the doctrine of estoppel is applicable, it was a question to be passed upon by a jury.

The crux of the case, however, is not whether the respondent Swift & Co. acquired a lien over the mules, nor whether appellant was estopped from denying such lien; it is, Did appellant have a lien over the mules and right of possession thereunder, such as to enable him to maintain an action for the taking of them from his possession over his protest?

He has bottomed his action on the claim of a parol lien, and if he has no lien, then his action must fail.

When Everett Brothers Company ceased to farm (January, 1931), appellant rented a portion of the lands theretofore cultivated by them, and began to farm himself, using at least twelve of the mules of Everett Brothers Company in his operations. His testimony is to the effect that

these mules were delivered to him by Everett Brothers Company to use, and thus reduce or pay their indebtedness to him from the use by him of the mules; and it was under this parol agreement that he was in possession of the mules on the day of the sale and his dispossession, and the entire time from about January, 1931. It does not appear that at the time the mules were constructively delivered to the possession of appellant (he as superintendent of the farming activities of Everett Brothers Company being already in the actual possession) there was any agreement as to the amount due him. There was no agreement as to the rental value of the mules. There was no agreement as to the length of time appellant was to have the use of the mules, there being no definite rental, and at no time nor under any circumstances did he have the right to dispose of the mules. In fact, there is no lien claimed on the mules, but only on the services of the mules, and the right to their possession solely because of such claim to their services.

In order to establish a lien, the lien claimant must show something more than the existence of a debt and the possession of property belonging to his debtor. He must show that there is a definite contract in connection with the property claimed as a pledge. To create a lien there must of necessity be a contract between the lienor and lienee.

There is a distinction between a lien on a mule by way of pledge or mortgage, and a mere contract to permit some one to use the mule, and of course such a contract would have to be so definite in its terms as to be susceptible of judicial enforcement. Otherwise, the contract could be terminated by either party at any time as was done here by the ratification by the owner of the levy and sale made and had, and the delivery of the property to the purchaser.

At most, the contract which appellant claims to have had with Everett Brothers Company is the right to retain possession of the mules in question until a

fund sufficient was created from their rental value to extinguish the alleged balance due to him by Everett Brothers Company. It does not create a lien upon the mules. Such an agreement is personal merely.

Having found that appellant has failed to establish a parol lien on the mules in question, it becomes unnecessary to discuss priorities of liens.

While we sustain the exception of appellant to the ruling of the Court upon which a verdict was directed in favor of respondents, yet, for the other reasons herein stated, the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.