SAVANNAH GROCERY CO. v. RIZER.

1. ATTACHMENT.—A non-resident defendant making a general appearance in a motion to vacate an attachment thereby gave the Court jurisdiction of his person, and if he does not traverse the allegations of his non-residence, and that he has property in this State and that the cause of action arose here, he cannot have attachment dissolved because the affidavit to obtain publication does not allege that defendant by use of due diligence could not be found in the State, and because the non-residence of defendant was sworn to on information and belief, without giving the grounds therefor.
2. IBID.—Can attachment be issued without approval of undertaking, plaintiff and surety being non-residents?
3. JURISDICTION.—Has the Court jurisdiction of a cause of action arising in this State, both parties being now non-residents, defendant owning property here?

Before DANTZLER, J., Colleton, August, 1904. Reversed.

Action by Savannah Grocery Co. against T. J. Rizer. From order dissolving attachment, plaintiff appeals.

*Mr. C. C. Tracy,* for appellant, cites: *This Court obtained jurisdiction of the person of defendant by reason of motion to vacate:* 43 S. C., 376; 37 S. C., 231; 12 Pet., 330; 20 S. C., 104; 22 S. C., 540; 36 S. C., 378; 44 S. C., 177. *Judgment of clerk on necessity for publication is conclusive:* 41 S. C., 22; 31 S. C., 45, 366; 50 S. C., 192; 20 S. C., 506. *It is only necessary for surety to justify:* 59 S. C., 495; 37 S. C., 451; 43 S. C., 340.

*Messrs. Howell & Gruber,* contra, cite: *Affidavit must show that defendant cannot be found in State by due diligence:* Code, 156; 16 S. C., 496; 31 S. C., 360.

March 1, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The appeal herein involves two questions growing out of the writ of attachment issued by the clerk of the Court of Common Pleas of Colleton

County, in this State, in the above stated action. It seems
that the plaintiff is a corporation of the State of Georgia, and
the defendant is a resident of the State of Georgia. The
cause of the action was an indebtedness of $305.35, con-
tracted by the defendant, while in South Carolina, for goods
and merchandise sold to him by the plaintiff corporation.
It was claimed by the plaintiff that the defendant was a non-
resident of the State on June, 1904, but at that time was a
resident of Haylow, in the State of Georgia; it was alleged
that the defendant owned 290 acres of land, situated in
Colleton County, of the State of South Carolina. To obtain
this attachment, the plaintiff corporation made an oath that
the defendant was indebted to the plaintiff in the sum of
$305.35, the grounds of which appeared in the sworn com-
plaint annexed; that the defendant, T. J. Rizer, is not a
resident of the State of South Carolina, but resides at Hay-
low, in the State of Georgia, but has property in the State of
South Carolina, to wit: a tract of land of 290 acres, in the
county of Colleton; that the debt upon which the action is
brought was contracted under the laws of South Carolina,
and while the defendant was resident thereof; and that said
action has been commenced by the issuance of a regular
summons therein. The following complaint was issued, to
wit:

"The complainant complains and alleges:

"I. That it is a corporation duly incorporated under the
laws of Georgia, and as such can sue and be sued, plead and
be impleaded in any of the Courts of the State of South
Carolina.

"II. That at the request of the defendant and at a price
agreed upon, which price is set out in bill of particulars
hereto attached and made a part thereof, the plaintiff de-
livered to said defendant the articles of merchandise in the
said bill of particulars attached and above referred to, of the
aggregate value of $305.35.

"III. That said defendant received said goods, and there is now due, owing and unpaid to the plaintiff by him, the said sum of $305.35.

"Whereupon, plaintiff demands judgment against said defendant for the sum of $305.35, and costs."

"State of Georgia, Chatham County.

"Sigo Myers, president of the plaintiff above named, being duly sworn, says: That the above complaint is true of his own knowledge.

"Savannah Grocery Company, Sigo Myers, President.

"Sworn to before me this 28th day of June, 1904. (Seal) John Hardy Purvis, Notary Public C. C., Ga."

Attached to this complaint is a verified itemized account or bill of particulars not copied herein, but sworn to before W. T. Walker, notary public of Chatham County, Ga., and seal attached.

There was an undertaking in the sum of $250 in the usual form. The summons was in the usual form, signed by plaintiff's attorney and E. R. McTeer, as clerk of Court. The warrant of attachment was in the usual form, signed by E. R .McTeer, as clerk of the Court, with his official seal as said clerk. The warrant and return were duly filed, but are not copied herein—the first dated June 29th, 1904, and the return dated July 16, 1904. The following affidavit to obtain publication and the following order of publication were duly made, to wit:

"Sigo Myers, president of the plaintiff company, on oath says:

"I. That a cause of action exists in favor of the plaintiff against the defendant, the grounds of which appear in the sworn complaint hereto attached.

"II. That the defendant is not a resident of the State of South Carolina, but resides at Haylow, in the State of Georgia, as this deponent is informed and believes, but has

property in the State, to wit: a tract of land in the county of Colleton, containing about 290 acres.

"III. That the cause arose within the said State of South Carolina, as appears by statement of account hereto attached.

"Savannah Grocery Co., Sigo Myers, President.

"Sworn to before me this 28th day of June, 1904. (Seal) John Hardy Purvis, Notary Public C. C., Ga."

ORDER OF PUBLICATION.

"The affidavit hereto annexed showing to my satisfaction that the defendant is not a resident of the State of South Carolina, but resides at Haylow, in the State of Georgia, and that a cause of action exists against him in favor of the above named plaintiff, and that he has property within the State; on motion of C. C. Tracy, plaintiff's attorney, it is ordered, that the summons herein, a copy of which is filed herewith, be served by publication of the same in *The Colleton News*, published at Walterboro, in the said county of Colleton, S. C., once a week for six consecutive weeks, and a copy of the said summons and the complaint thereto attached, be forthwith deposited in the post office, directed to the said T. J. Rizer, at Haylow, Ga., and the postage paid thereon.                        E. R. McTEER, (Seal)
     "June 29, 1904.                        Clerk of Court."

Thereafter the following notice to set aside the attachment was served:

"To C. C. Tracy, Esq., plaintiff's attorney: Take notice, that the undersigned will move before the Court of Common Pleas, at the court house at Walterboro, S. C., on August 3d, 1904, at 10 o'clock A. M., or as soon thereafter as counsel can be heard upon the proceedings herein, for an order vacating the attachment granted herein by the clerk of Court, upon the ground that the same was irregularly granted for the reasons:

"1. That the affidavit upon which the order for publication of the summons was made did not state that the defendant could not, after due diligence, be found within the State.

"2. That neither the affidavit for the service of the summons by publication, nor the affidavit upon which the attachment was issued, stated any cause of action against the defendant.

"3. That in both the affidavit for the service of the summons by publication and for the issuance of the attachment, the ground therefor being the alleged non-residence of the defendant, and such statement being made upon information and belief, the plaintiff failed to state the sources of his information or the grounds of his belief.

"4. That it appears that the said attachment was issued without approving the undertaking given by the plaintiff, both the plaintiff and its surety being non-residents of the State.

"5. That at appears that the Court is without jurisdiction of the parties and the alleged cause of action, both the plaintiff and the defendant being, as it is alleged, residents of the State of Georgia."

Thereafter the following order was made by Judge Dantzler:

"In this cause the plaintiff attempted to serve the defendant with the summons by publication and attach his property upon the ground of non-residence. A motion is made by defendant's counsel to vacate the warrant of attachment upon several grounds set out in the notice of the motion. An examination of the record will show there was a total omission on the part of the plaintiff to allege that the defendant could not by the use of due diligence be found within the State, and in both the affidavit for the publication of the summons and the affidavit for the attachment, the defendant's non-residence is stated not on personal knowledge, but on information and belief, without giving the sources of information or grounds of belief. These objections are

necessarily fatal and render a consideration of the other grounds unnecessary.

"It is, therefore, on motion of Howell & Gruber, attorneys for the defendant, ordered, that the warrant of attachment be,·and hereby is, set aside and vacated.

"Further ordered, that it be referred to the master to ascertain and report the defendant's costs and such damages as he has sustained by reason of the attachment."

This was the only motion before the Court. The defendant put in no answer to the complaint. The clerk of Court did not approve the undertaking in writing, and there was no contention on the Circuit that the allegation on information and belief applied to the defendant's place of residence and not to his non-residence. Thereafter the appeal was taken by the plaintiff on the following exceptions:

"I. Because it is respectfully submitted that his Honor erred in holding and deciding that a motion to vacate an attachment on the ground of defects in the affidavit for order of publication could be made without a motion to set aside service.

"II. Because it is respectfully submitted that his Honor erred in not holding and deciding that the defendant, in the absence of a motion to set aside service was estopped, in a motion to vacate attachment, from objecting to alleged irregularities in the affidavit to obtain order for publication of summons, he having submitted himself to the jurisdiction of the Court *in personam.*

"III. Because it is respectfully submitted that his Honor erred in holding and deciding that an order for service by publication of summons was not final, because the affidavit upon which said order was predicated contained alleged irregularities.

"IV. Because it is respectfully submitted that his Honor erred in holding and deciding that the affidavit upon which the attachment and order of publication were made, not showing that due diligence was used in ascertaining the non-

residence of defendant, objection taken on that ground was fatal.

"V. Because it is respectfully submitted that his Honor erred in not holding and deciding that the affidavits aforesaid showed absolutely that defendant was a non-resident of the State of South Carolina, and that the place of his residence only in the State of Georgia was upon information and belief.

"VI. Because the said order was in all other respects contrary to law."

The first question we will consider in this appeal is, had the Court of Comon Pleas of Colleton County jurisdiction of the person and the cause of action herein involved? It is conceded that without this jurisdiction these proceedings might be nullified. The Court certainly had jurisdiction of the person of the defendant when he voluntarily came and submitted himself to its jurisdiction. It will be remembered that the defendant entered a general appearance. As is well said in 1 Rapalje and Lawrence's Law Dictionary, at page 65, "In the primary sense of the word, the parties to a proceeding or application are said to appear in it when they are present in person before the Court, Judge, etc., when it is heard; and this appearance is a formal step taken by defendant to an action after he has been served with a writ or summons; its object is to intimate to the plaintiff that the defendant intends to contest his claim, or in a friendly action, to take part in the proceedings in the action." Such is the law regulating a general appearance. In a limited, qualified or special appearance, when the appearance is a qualified one, a notice to that effect is embodied in the notice of appearance, as is very well illustrated in the case of *Hester* v. *Rasin Fertilizer Company,* 33 S. C., 609, 12 S. E., 563. It will be seen by reference to the paper embodying the motion, that there is no limitation or qualification to the appearance of the defendant's attorneys; in other words, it is a general appearance. As before suggested, by a

general appearance the defendant submits himself to the jurisdiction of the Court, especially if such Court is one of general jurisdiction as is our Court of Common Pleas. So far, therefore, as the jurisdiction of the Court of the person of the defendant is concerned, it is established. *Chafee* v. *Postal Telegraph Company,* 35 S. C., 372, 14 S. E., 764.

Now, as to the jurisdiction of the Court in the cause of action, it is alleged that the land attached in this action is a part of the territory of this State, that the cause of action arose in this State; so, therefore, we may say that it is established that the Court had jurisdiction both of the person and subject matter or cause of action. Was it not error, therefore, in the Circuit Judge to state that the record shows that there was a total omission on the part of the plaintiff to allege that the defendant could not, by the use of due diligence, be found within the State; as well as that in both the affidavit for the publication of summons and the affidavit for the attachment, the defendant's non-residence was not made on personal knowledge, but on information and belief, without giving the source of information or grounds of belief? It is admitted that the object of the summons is to give the defendant notice of the pending of the action, and also furnishing to the clerk, who had to issue the warrant of attachment, that the plaintiff had exhausted proper efforts to see if the defendant resided in this State. When the defendant came in of his own motion and submitted himself to the jurisdiction of the Court and did not traverse the fact that he resided beyond the jurisdiction of this State, and that he owned lands within the limits of Colleton County, within this State, the points raised by the Circuit Judge, as herein indicated, were useless and, therefore, unavailing. We are, therefore, obliged to sustain the appeal of the plaintiff taken as to the order passed by the Circuit Judge.

As to the other points raised in the notice served by the defendant, but which were deliberately passed by in the order of the Circuit Judge, we need not

discuss same, because they were not considered by the Circuit Judge. If, however, we should pass upon them, we feel satisfied they could not be sustained, in view of the cases, *Ex parte Dickinson,* 29 S. C., 465, 7 S. E., 593, and *Gibson* v. *Everett,* 41 S. C., 26, 19 S. E., 296, and *Ex parte Perry Stove Company,* 43 S. C., 186, 20 S. E., 980.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, reversed.