8152

McDONALD v. FLOYD.

1. A JUDGMENT BY DEFAULT IN A MAGISTRATE COURT entered on a summons fixing the trial day less than twenty days after service on a claim for more than $25 is not void for want of jurisdiction, where the defendant does not appear and make the point.

*All cases which cannot be reconciled with the principles stated in Jenkins* v. *Ry.,* 84 S. C. 343, *must be regarded as overruled.*

2. REHEARING *refused.*

Before Aldrich, J., Richland, June, 1911.    Affirmed.

Action by T. C. McDonald against J. W. Floyd and W. A. Floyd.    Defendants appeal.

*Messrs. Nelson, Nelson & Gettys,* for appellants, cite: *Motion in case is proper practice:* 5 S. C. 5; 34 S. C. 452; 35 S. C. 612; 40 S. C. 150. *Magistrate court acquired no jurisdiction by this summons:* Code of Proc. 88, Sub. 16; 43 S. C. 173; 50 S. C. 23; 52 S. C. 86; 71 S. C. 225; 17 S. C. 75; 75 S. C. 407.

*Mr. Frank G. Tompkins,* contra, cites: *Transcript must show everything necessary to give jurisdiction:* 28 S. C. 110. *Failure to appear is deemed acquiescence:* 28 S. C. 122; Freeman on Judg., sec. 126. *Magistrate docket is highest evidence of the proceedings in his court:* 7 S. C. 224; 11 Rich. L. 413; 49 S. C. 418.

The opinion in this case was filed on February 26, but remittitur held up on petition for rehearing until

March 26, 1912.    The opinion of the Court was delivered by

Mr. Chief Justice Gary.    The following statement appears in the record: "This was a motion in the original cause, on behalf of the defendant, W. A. Floyd, to stay execution and vacate and set aside a judgment originally rendered against J. W. and W. A. Floyd, on the first day of April, 1903, by Robert Moorman, Esq., magistrate for Richland county, a transcript of which was filed, and judgment entered thereon, in the Court of Common Pleas for Richland county, and was heard in open Court by his Honor, Robert Aldrich, presiding Judge, at the Summer term, 1911, of the Court of Common Pleas."    The motion was refused, where-

upon the defendant appealed to this Court, and, in the language of the appellant's attorneys, the sole question presented by the exceptions is whether there was error, on the part of his Honor, the presiding Judge, in refusing the motion on the ground that the judgment was void, because the magistrate was without jurisdiction, the summons being fatally defective, in that it was issued and served on November 26, 1902, and required the defendant to appear and answer on December 16, 1902, less than twenty days after service.

Section 88, subdivision 16, of the Code, provides, that "When twenty-five or more dollars is demanded, the complaint shall be served on the defendant, not less than twenty days before the day therein fixed for trial."

Prior to the decision in the case of *Jenkins* v. *Ry.*, 84 S. C. 343, the question of jurisdiction as to the person and the subject matter of the action, was in much confusion, arising from the fact, that there were numerous decisions which could not be reconciled, as will be seen by reference to the opinion of the Court, and the dissenting opinion in said case. In order to settle the law, the Circuit Judges were called to the assistance of the Supreme Court, and when they sat *en banc,* it was held that "the provision for the recovery of a penalty, must be tried in the county where the cause or some part thereof arose, is a mere statutory requirement as to procedure, but it cannot be successfully contended, that it constitutes the *subject matter* of the action." And, no strong reason can be urged, why the time prescribed for the trial of the case, should be regarded as the subject matter of the action. The question of jurisdiction herein relates to the person, and when the defendant was served with a copy of the summons and complaint, and did not even attend, on the day fixed for the trial, for the purpose of objecting to the jurisdiction of the Court, he thereby waived the right to interpose such objection.

We shall not undertake to review the cases, prior to that of *Jenkins* v. *Ry.*, 84 S. C. 343, 66 S. E., 409, as all those that can not be reconciled with the principles therein stated, must be regarded as overruled.

Judgment affirmed.

Petition for rehearing dismissed by formal *per curiam* order filed March 26, 1912.