### 9082

### ABLE v. HALL.

#### (85 S. E. 165.)

COURTS. PROCESS. APPEARANCE. WAIVER. MAGISTRATES.

1. COURTS—PROCESS—MAGISTRATE.—In the absence of proof that justice requires process to be returnable within less than twenty days, a magistrate cannot make a summons in an action for more than $25.00, returnable within that time.

1a. JUSTICES OF THE PEACE—PROCESS—TIME TO ANSWER.—Code Civ. Proc., sec. 97, subd. 16, provides that, when $25 or more is demanded, the complaint in a magistrate's Court shall be served not less than 20 days before the day fixed for trial, provided that, if plaintiff shall show the grounds of an apprehension that the debt may be lost in an affidavit served with a copy of the complaint, he may make such process returnable in such time as justice may require. *Held* that, where the only affidavit made and served was an affidavit for an attachment, and defendant, after objecting to the jurisdiction of the magistrate, withdrew from the case, and did nothing to waive his right to 20 days' notice, a summons to appear in 15 days was illegal, and the judgment thereon was voidable for lack of jurisdiction.

1b. JUSTICES OF THE PEACE — JURISDICTION — MAGISTRATE'S REPORT.— Where there was no affidavit before a magistrate authorizing him to make the summons returnable in 15 days, under Code Civ. Proc., sec. 97, subd. 16, his report that he in fact followed the direction of the proviso of that subdivision availed nothing.

3. COURTS—PROCESS—APPEARANCE.—A special appearance for the purpose of objecting to the jurisdiction of the Court and to set aside an attachment, is not a waiver of irregularity in, or invalidity of, process.

3. COURTS—PROCESS—APPEARANCE.—A special appearance for purpose
of objecting to the jurisdiction of the Court, and to vacate an
attachment, and the giving of a bond under Code Civil Proc. 295 and
296, to procure a discharge of the attachment, pending appeal from
a judgment based thereon, is not a waiver of the defendant's right
to challenge the judgment for want of jurisdiction, because of defect
in process.

Before RICE, J., Aiken, June, 1914. Reversed.

Action by R. G. Able against I. S. Hall. From judg-
ment for plaintiff, defendant appeals. The facts are stated
in the opinion.

*Mr. J. B. Salley*, for appellant, cites: Code Civil Proc.,
sec. 97, sd. 16. *Affidavit must furnish basis for shorten-
ing time to answer:* 76 S. C. 336; 67 S. C. 245; 73 S. C.
15; 80 S. C. 362; 31 S. C. 448; 24 S. C. 202; 28 S. C. 473;
47 S. C. 250.

*Messrs. E. L. Asbill* and *Claude E. Sawyer,* for respond-
ent.

April 29, 1915.
The opinion of the Court was delivered by MR. JUSTICE
GAGE.

Action before a magistrate's Court to recover $62.40, the
purchase price of two steers; judgment for the plaintiff;
appeal here by the defendant.

There is only one exception by defendant and it makes
one issue. The issue is that the magistrate had no juris-
diction to try the case, for the reason that the defendant was
allowed by the summons only fifteen days in which to
appear, when by law he was entitled to twenty days.

It is true, if a defendant be simply summoned to answer
in fifteen days when the statute allows him twenty days,
and the defendant appears and challenges the jurisdiction
on that ground, and does no act to waive his right to twenty

days' notice, and the magistrate nevertheless gives judgment against him, then the judgment is voidable for lack of jurisdiction.

In the case at bar the defendant appeared and objected to the jurisdiction of his person; but the Court overruled the objection, the defendant withdrew, and judgment went against him.

The case, therefore, is not like those of *McDonald* v. *Floyd,* 91 S. C. 119, 73 S. E. 769, and *Rogers* v. *Townes,* 97 S. C. 56, 81 S. E. 278.

It is true the magistrate may, by the words of the statute, and for good reason, make the process returnable in such time as the justice of the case may require.

That is to say, in the case at bar the magistrate may have summoned the defendant to answer in fifteen days instead of twenty days.

But therefor the magistrate must have had some proof of the advisability of such procedure. *Moore* v. *R. R.,* 76 S. C. 335, 56 S. E. 971.

We infer from the "case," for the plaintiff has furnished no points and authorities, that the plaintiff relies therefor upon the affidavit of the plaintiff made contemporaneously with the summons and served therewith.

It is manifest from its words that the affidavit was made not to procure a shortening of the time to appear, but to procure the issuance of a warrant of attachment against the steers, to stand security for the satisfaction of any judgment which might be recovered.

For besides the language of the affidavit, on the same day of its execution, an undertaking was made, and a warrant of attachment was issued.

The summons to appear in fifteen days was, therefore, illegal, and was not done pursuant to the proviso of subdivision 16 of section 97 of the Code of Procedure.

Nor is the defect cured by the testimony of the witnesses at the trial, nor by the report of the magistrate. If magistrate did not in fact follow the direction of the above cited proviso, then his report that he did follow it, availeth nothing.

The summons was issued and served on 18th January, 1912; the appearance day was 1 February, 1912; on that day defendant appeared and "without submitting himself to the jurisdiction of the Court, and for the sole purpose of objecting to the jurisdiction of the Court, and moved the Court to dismiss the above entitled action against him, and to release and set aside the warrant of attachment issued herein, upon the following grounds:

1. Because the summons and complaint served on the defendant herein, are absolutely null and void, because it required the defendant to answer the complaint within fifteen days after the service thereof, when, under the law, the defendant is entitled to twenty full days from the service thereof, before being required to answer the complaint in this action, as the amount involved is more than $25.00 and the summons being absolutely void, this Court has no jurisdiction to entertain the cause.

2. *The warrant of attachment should be set aside,* because the bond has no surety thereon. as required by the acts regulating attachments particularly the attachment for purchase money act of February 25, 1903. Furthermore, the said bond is imperfect and defective in that it has no complete defeasance clause therein."

· The magistrate overruled the defendant's motion, "then defendant and his attorney withdrew from the Court and the magistrate proceeded with the trial."

Up to this point in the procedure, there had been nothing done by the defendant to waive his right to have the action dismissed.

But the defendant on 19th February, 1912, "appeared before the magistrate and gave bond to the plaintiff in the

sum of $131.00 conditioned for the payment to the plaintiff of such sum as he may *recover in his action."*

The judgment had at that time been rendered against the defendant, nearly three weeks before.

The defendant proceeded in making the bond under sections 295 and 296 of the Code of Civil Procedure. It is true section 295 provides that such a bond may be given "whenever the defendant shall have appeared in such action."

Appearance may be general or special; it was special in this case. Strictly construed, the statute contemplated the execution of the bond before 1st February, and not after judgment on that day. But the magistrate accepted the bond; and the promise to pay such sum as the plaintiff may recover may be referred to the contingent liability of the defendant consequent upon the affirmation of the magistrate's judgment.

We think that the giving of the bond did not amount to a waiver of the right of the defendant to stand on his demand made aforetime for 20 days to prepare for trial.

It has been held that the making of such a bond does not amount to a waiver of the right to move to vacate the attachment. *Bates* v. *Killian,* 17 S. C. 553.

Nor ought it to amount to a waiver of the right to challange the judgment.

We are, therefore, of the opinion that the judgment below must be set aside, and it is so ordered.