## 9218

### STEPHENS *ET AL.* v. RINGLING *ET AL.*

#### (86 S. E. 683.)

REMOVAL OF CAUSES. TIME FOR FILING PETITION. APPEARANCE. ATTACHMENT. JURISDICTION. PLEADING. TIME LIMITED.

1. REMOVAL OF CAUSES—PROCEEDINGS—APPEAL.—Where whether defendants' petition and bond for removal to the United States Court had been filed in time depended upon when the defendants should have answered or pleaded in State Court or upon when they were in Court and bound to plead, although the final and controlling designation of the forum was with the United States Supreme Court, the State Supreme Court was under obligation on appeal to determine the issue, which was controlled by the statute law of the State.

2. JUDGMENT—JURISDICTION—NECESSITY.—A defendant is not bound by the procedure and judgments of a Court unless he is actually and in contemplation of law before it; it having secured jurisdiction of his person.

3. APPEARANCE — JURISDICTION ACQUIRED — VOLUNTARY APPEARANCE — SUMMONS.—Under Code of Civ. Proc. 1912, secs. 146, 189, a Court may

FOOTNOTE.—Test as to whether appearance is general or special, see note in 31 A. & E. Ann. Cas. 1914a, 1189.

acquire jurisdiction of the defendant's person by summons or by his voluntary appearance.

4. APPEARANCE — VOLUNTARY APPEARANCE. — Where a defendant announced in open Court that, having heard the sheriff was looking for him, he came of his own motion into Court, the action constituted a voluntary appearance and submission to the jurisdiction of the Court.

5. APPEARANCE — VOLUNTARY APPEARANCE — ANSWER TO MERITS. — Defendant's answer to the merits, is a formal appearance.

6. APPEARANCE—VOLUNTARY "APPEARANCE."—Any action by the defendant, amounting to a manifestation of an intent to be in Court, is a voluntary appearance, and may be by formal writing or by informal parol action, the act of "appearance" being a coming into Court, the first act of a defendant in Court, or a submission to the jurisdiction of the Court.

7. APPEARANCE—JURISDICTION—ATTACHMENT.—Before the enactment of the Code of Civil Procedure and under statutes then in force, the writ of attachment was used, in addition to regular process, to secure jurisdiction of the person of a nonresident defendant; and, if such a defendant, whose property had been attached, gave bail bond and retook possession of the property, the act was held to be equivalent to an appearance.

8. COURTS — JURISDICTION — FOREIGN DEFENDANT — ATTACHMENT.—The procedure by attachment to secure jurisdiction of a defendant by direct provision of Code Civ. Proc. 1912, sec. 279, is permissible in six cases, all referring to the absence or concealment of the defendant or the concealment or disposal of his property, and the procedure is allowable only when the summons is issued and the service of summons personally or by publication effected within 30 days after the attachment, the express object of which is, "as security for the satisfaction of such judgment as the plaintiff may recover."

9. ATTACHMENT—NECESSITY FOR SERVICE—STATUTE.—Under Code Civ. Proc. 1912, sec. 284, the writ of attachment need not be served, except in case of an attachment of real estate.

10. ATTACHMENT—JURISDICTION—MODE OF ACQUISITION—SUMMONS AND APPEARANCE.—Where writ of attachment was levied upon defendants' property and their goods seized, plaintiffs could not subject such goods to payment of their claim until they secured judgment, which they could not do until the defendants were in Court, which could only acquire jurisdiction by personal service of summons, by service by publication, or by voluntary appearance.

11. ATTACHMENT—JURISDICTION.—Under Code Civ. Proc. 1912, sec. 189, providing that from the time of the service of summons in a civil action or the allowance of a provisional remedy the Court is deemed to have acquired jurisdiction and to have control of all the subsequent proceedings, procedure by attachment is part of the whole pro-

cedure in the cause, and is not severable from the summons, but dependent upon it.

12. JURISDICTION—ATTACHMENT.—Proceedings in attachment are *quasi in rem*, and the Court thereby acquires jurisdiction to render judgment, only where they are followed by service of summons personally, or by publication, on defendant, or by his voluntary appearance.

13. APPEARANCE—NATURE—PROVISIONAL REMEDY—DISCHARGE OF ATTACHMENT.—By direct provision of Code Civ. Proc. 1912, secs. 295, 296, when property has been attached and the defendant has appeared, he may then apply to have the attachment discharged and the property returned to him on execution of an undertaking, and although the statute does not constitute the act of executing an undertaking an act of appearance, it contemplates appearance before the execution of the bond.

14. APPEARANCE.—A motion by defendant after levy of attachment and before judgment to have the attachment discharged, and the property attached returned to him, upon his giving the bond or undertaking required by Code Civil Proc., sec. 296, amounts to a general appearance, unless the defendant has expressly limited his appearance solely for the purpose of the substitution of security.

15. APPEARANCE—PRESUMPTION OF GENERALITY.—An appearance is presumed to be general if it has not been expressed to be limited.

16. APPEARANCE—GENERAL APPEARANCE.—Where the attorneys of defendants, upon whose goods attachment had been levied, wrote on the back of the original summons and complaint, "The sheriff of Richland county having levied the attachment herein upon the property of the defendants of the value of $25,000, now the defendants move the Court to discharge this attachment, under the provisions of law, upon the giving of a bond in the sum of $25,000 in lieu thereof, which is hereby tendered," notice of the motion being accepted immediately under such notation by the attorneys for the plaintiffs, and it being ordered by the clerk that the attachment be discharged and the bond filed in lieu thereof, the action of the defendants in moving for the attachment's discharge constituted a general appearance, subjecting them to the jurisdiction of the Court.

17. PLEADING—ANSWER—TIME FOR FILING—STATUTE.—Under Code Civ. Proc. 1912, sec. 180, defendants are bound to demand a copy of the complaint within 20 days after its filing to their knowledge, and to answer within 20 days of service of the copy of the complaint.

18. PLEADING—TIME LIMITED.—Where a defendant has appeared generally in an action, he is bound to demand a copy of the complaint within twenty days, and to answer it within twenty days.

19. PLEADING—TIME LIMITED.—Where plaintiffs elect after a voluntary appearance by defendant, to pursue publication of summons and call upon defendant to answer within 20 days after completion of

publication, they waive their right to insist on answer within 20 days from time of appearance.

20. REMOVAL OF CAUSES.—Where, after attachment of defendant's property, and appearance before judgment of defendant on motion to discharge the attachment and substitute other security, the plaintiff elects by publication of summons to require the defendant to answer within 20 days after completion of publication, a petition filed for removal of the cause to Federal Court within 20 days after such publication, though more than 20 days after such appearance, is within time.

21. PLEADING—REMOVAL OF CAUSES—WAIVER OF TIME—REQUIREMENT.— The Federal statute, regulating removals from State Courts for diversity of citizenship, provides that the petition therefor must be filed within the time for answering the complaint, which, by Code Civ. Proc. 1912, sec. 180, was within 20 days after service of a copy of complaint. Plaintiffs attached defendants' property, and on the 9th of October defendants' attorneys procured the clerk of Court to accept a bond in lieu of the warrant of attachment. The appearance of the defendants for that purpose on the 9th subjected them to the jurisdiction of the Court, giving them notice of the complaint, and making it requisite that they answer within 20 days, but on the 13th of October the plaintiffs procured from the clerk an order for publication of the summons as for the service of a nonresident, and the order was made the same day, and publication had, beginning the 14th of October and ending the 18th of November. On the 30th of November, more than 20 days after their appearance, defendants' attorneys notified plaintiffs they would file petition and bond for removal of the action to the United States Supreme Court. *Held,* that plaintiffs' action in initiating the procedure to serve defendants by publication indicated an intention not to rely on the legal effect as an appearance of defendants' motion of the 9th of October to discharge the attachment, so that defendants' petition for removal was filed in time, plaintiffs having elected not to stand on the events of the 9th of October as an appearance requiring defendants to answer within 20 days.

Before HON. C. J. RAMAGE, special Judge, Columbia, December, 1914. Affirmed.

Petition for removal of cause from State to Federal Court in action brought by Ella Stephens and husband, Samuel J. Stephens, against John Ringling, Charles Ringling, Henry Ringling, M. Ringling and Alf. T. Ringling, doing business as Ringling Brothers. From order granting removal, the plaintiffs appeal. The facts are stated in the opinion.

*Messrs. Lyles & Lyles* and *D. W. Robinson,* for appellants, cite: *As to appearance:* Code Civ. Proc., secs. 189, 295, 296; 70 S. C. 501, 507; 61 S. C. 519; 46 S. C. 11; 35 S. C. 379; 74 S. C. 71; 72 S. C. 481; 94 S. C. 58; 1 Rose, Code Fed. Proc., p. 808, 810; 20 Wall. 8; 10 Wall. 308; 3 Cranch. 496; 14 Pet. 60; 141 U. S. 127. *Defendant as actor:* 204 U. S. 290; 165 Fed. 943. *Time for filing petition for removal:* 2 Rose, Code Fed. Proc., pp. 1044 and 1052; Montgomery's Manual, sec. 290; 106 Fed. 434; 151 U. S. 686; 156 U. S. 525. *Extension of time:* 2 Rose, Code Fed. Proc. 1052; 138 U. S. 298; Fed. Stats. Ann. Suppl. 1914, p. 685. *Estoppel of plaintiff:* 58 Conn. 74; 19 Atl. 239; 167 S. W. 546; 53 L. R. A. (N. S.) 1198; 117 La. 1; 41 So. 332; 16 L. R. A. 819. *Doctrine of estoppel not applicable. The essential elements of an estoppel are: 1. There must have been a representation or concealment of material facts. 2. The representations must have been made with knowledge of the facts. 3. The party to whom such representations were made must have been ignorant of the truth of the matter. 4. The representations must have been made wtih the intention that the other party should act upon it (but gross and culpable negligence on the part of the party sought to be estopped, the effect of which is to make a fraud on the party setting up the estoppel, is held to supply the place of intent). 5. The other party must have been induced to act upon it:* 59 Am. Rep. 139; 42 S. C. 351; Bigelow on Estoppel (3d ed.) 434; 10 Am. St. Rep. 309; 97 Mo. 263; 16 Cyc. 726. *Knowledge of defendant was equal to that of plaintiff: Estis* v. *Jackson,* 32 Am. St. Rep. 784; 16 S. E. 7, 8; *Chaffee* v. *Aiken,* 57 S. C. 518; vol. III, Words and Phrases 2502 and cases; *Bishop* v. *Minton,* 112 N. C. 528-9; 17 S. E. 436; 11 Am. & Eng. Enc. of Law (2d ed.) 434; 16 Cyc. 738-741. *Ignorance of law not estoppel:* 16 Cyc. 733-734; 11 Am. & Eng. Enc. of L. (2d ed.) 433. *Admission of law:* 16 Cyc. 756. *Estoppel cancels estoppel:* 16

Cyc. 719, 748; 11 A. & E. Enc. of L. (2d ed.) 392; 84 U. S. 32; 124 U. S. 692. *Duty of State Court:* 79 S. C. 203; 69 Fed. 850; 117 U. S. 430; 122 U. S. 513; 77 S. C. 103; 131 U. S. 240; 138 U. S. 289.

*Messrs. Elliott & Herbert* and *E. W. Mullins,* for respondents, submit: *Order transferring cause not appealable:* 105 U. S. 5; 156 U. S. 518; 213 U. S. 207; 25 S. C. 43; 13 N. Y. 597; 150 N. W. 224; 46 Mich. 189; 46 Texas 182; 19 Cal. 124; 4. Nev. 445; 79 Miss. 510; 231 Mo. 474; 141 Ky. 404. *Giving of bond to secure discharge of attachment does not preclude objection to jurisdiction over person:* 79 S. E. 167; 2 Woods (U. S.) 437. *It is not a general appearance:* 2 N. M. 271; 44 Ala. 485; 14 Ind. 480; 28 Cal. 650; 48 S. E. 899; 17 S. C. 553; 204 U. S. 286; 83 Fed. 853; 81 Fed. 513. *Time for filing petition for removal:* 169 U. S. 98; 113 U. S. 594; 135 U. S. 315; 151 U. S. 688-691; 156 U. S. 335; Hughes, Fed. Proc. 351. *Waiver:* 29 A. & E. Enc. of L. 1091; 114 Pac. 134; 13 How. (U. S.) 307; 96 U. S. 258; 156 U. S. 689; 95 Ala. 514; 36 Am. St. Rep. 241; 22 La. Ann. 368; 156 U. S. 689, 691. *Effect of extension of time to plead:* 60 Fed. 929; 145 Fed. 745; 140 Fed. 191; 78 Fed. 193; 104 Fed. 929.

October 20, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal involves only one question, and that is whether this action is now moved from the Courts of this State, in which it was begun, to the Courts of the United States. Out of that other issues arise.

The argument on both sides is full and strong, and it deserves to be expended upon a more fruitful subject than jurisdiction.

The Circuit Court of this State and the District Court of the United States have concluded that the action is now in the latter Court.

Confessedly the action, properly begun in the State Court, was removable to the United States Court for diversity of citizenship.

The primary issue is, did the defendants proceed in *due time* to effect the removal. These are the facts:

The defendants constitute a circus, and were operating at the time in question in the city of Columbia.

A summons and complaint herein for the recovery of money were issued; and concurrently therewith there was issued the provisional remedy of attachment upon the ground of nonresidence, which last included the affidavit, the undertaking and the warrant.

These papers, the summons, the complaint, the affidavit and the undertaking, were filed with the clerk, and he then issued his warrant of attachment on the same day, which was the eighth of October.

On the next day the sheriff, with the intent to serve, delivered copies of all the above papers to C. N. Thompson, general manager, agent and claim adjuster for the defendants; and also to a "ticket seller" of the defendants. But the appellants concede that the act was inoperative to effect personal service of the processes on the defendants.

On the same, 9th of October, Messrs. Elliott & Herbert, defendants' attorneys, procured the clerk of Court to accept a bond for $25,000 in lieu of the warrant of attachment.

On the 13th October the plaintiff proceeded to procure from the clerk of Court an order for publication of the summons, as for the service of a nonresident not to be found in the jurisdiction; the order was made the same day; and publication was had, beginning 14th October and ending 18th November.

On 30th November, Messrs. Elliott & Herbert, defendants' attorneys, notified the plaintiffs' attorneys that they

would file a petition and bond for removal of the action to the U. S. Court.

And on 3d December the petition and bond were so filed.

The suggestion of the plaintiff is, that the defendants voluntarily appeared on 9th October when they gave an undertaking in lieu of the property; that the Code of Procedure required of them to answer or to plead within twenty days thereafter, to wit, on or before 29th October; that by the Federal statute their petition and bond for removal must have been filed within the same period; and that they were confessedly not then filed, but only on 3d December.

The suggestion of the defendant is, that they were not in Court on 9th October, and were not in Court until 18th November, the time when the publication was ended; and they confessedly filed the petition and bond within twenty days after that day.

So the issue is remotely when ought the defendant to have answered or plead; or proximately and exactly when were the defendants within the Court and bound to plead.

The appellants' counsel said at the bar, that their intention at the outstart was to serve by publication; that the doing of that became and was useless for the defendants had voluntarily appeared on 9th October, and service by publication, therefore, became unnecessary.

The respondents' counsel suggest, that the act of publication estops the plaintiff from now insisting that the defendants submitted themselves to jurisdiction when they had the attachment discharged by the execution of a bond.

That makes the second issue of law to be hereafter considered.

It is true the final and controlling designation of the forum lies with the Federal Supreme Court.

But the case, so far as the first issue is concerned, is controlled by the statute law of this State set down in the Code of Procedure; and the obligation is on us to construe and to follow it.

The Federal right is mounted on it. The circumstance that at the wind up the Supreme Court of the United States may conclude with the District Court, is a matter for the consideration of the plaintiffs alone. If, in our judgment, the cause is in the Courts of this State and the Circuit Court has held otherwise, then the plaintiffs have the right to appeal here.

The service by publication, so far as it reflects the plaintiffs' attorneys' first view of the law, is irrelevant, granting that plaintiffs' attorneys thought when they advertised that the defendant had not then appeared, that view of the law which they entertained cannot affect the question whether the defendant had in law appeared. Their conduct is only relevant when the second issue shall be considered, but it is relevant then.

The Circuit Court only held that by the act of publication the plaintiffs were cut off from now saying the defendants had appeared on 9th October.

The exceptions make that an issue and make the further issue that the defendants appeared when they gave the undertaking to stand in lieu of the attachment. We have considered the issue made by the respondents, that the order is not appealable.

It is fundamental that a defendant is not bound by the procedure and judgments of a Court and the rules of law thereabout unless he is actually or in contemplation of law before the Court, or to use the technical expression, unless the Court has secured jurisdiction of his person.

There is now no pretense that the defendants had been served with a summons on 9th October, for that is the point of reckoning.

The Code of Civil Procedure prescribes how a defendant shall be brought into Court by the service of a summons. Sec. 146.

The same instrument prescribes that from that time, in a civil action, the Court is deemed to have acquired jurisdiction. Sec. 189.

The same instrument prescribes another method by which a Court may get jurisdiction of the person, to wit, by the defendants' voluntary appearance. Sec. 189.

If the sheriff should have the summons in hand to deliver to the defendant to harken him into Court, but before he find the defendant that person should come to the threshold of the Court and say, I have heard that the sheriff is looking for me, I came of my own motion into the Court, then that would be a spectacular voluntary appearance. So, also, an answer to the merits would be a formal appearance. The case does not show that answer has ever been made.

*Any action* by the defendant which really *amounts to an intent to be* in Court is also a voluntary appearance.

And for the very reason that a defendant may choose to come into Court with trumpets, or quietly by the back door, the statute has not declared what act or acts shall constitute "appearance."

It may be by formal writing, or it may be by informal parol action. The act of appearance is defined to be "a coming into Court," "the first act of a defendant in Court," "a submission to the jurisdiction of the Court." Black Law Dic. 77; 2 R. C. L. 322; 3 Cyc. 502.

The instant cause is only confused because of the twofold procedure, one directly by summons against the person of the defendants,—*in personam,*—the other collateral by warrant of attachment against the property of the defendants, called *in rem.*

Before the enactment of the Code of Civil Procedure, by the statutes then of force, the writ of attachment was used in addition to regular process to secure jurisdiction of the person of a nonresident defendant.

And if a nonresident defendant, whose property had been attached, should give a bail bond and retake possession of the property, *that act* was held to be equivalent to appearance, and the attachment became *functus officio.* *Gray* v. *Young,* 16 S. C. L. (Harper) 40; *Shooter* v. *McDuffie,* 39 S. C. L. (5 Rich.) 63; *Swan* v. *Lee,* 49 S. C. L. (15 Rich.) 164.

The case is now governed by the Code of Civil Procedure. That statute has somewhat modified the procedure aforementioned; yet in the operation and effect of the issuance of a writ of attachment, and in the execution of the undertaking by a defendant to secure a return of the property to him, the Code rule preserves some of the features of the old statute.

The Code rules which have reference chiefly to the summons (but also to attachment), the service of the summons and the appearance are those already cited; and Code Civil Proc., sections 295 and 296, have reference chiefly to the procedure by attachment; but the two are expressly correlated, so that each subject, summons and attachment, is referred to in both subjects treated by the Code.

The procedure by attachment is permissible in six specifications; and they all refer to the absence or the concealment of the defendant, or the concealment or the disposal of his property. Code Civ. Proc., sec. 279.

The procedure is only allowable "when the summons is issued," and the service of the summons, personally or by publication, shall be effected within thirty days after the attachment has been effected.

The expressed object of attachment is "as a security for the satisfaction of such *judgment* as the plaintiff may recover." *Idem.*

The Code does not require that the writ of attachment, or the affidavits on which the same was granted, shall be served,

except "where real estate is attached." Code Civ. Proc., sec. 284.

The former is levied on the property; and the latter are "filed in the office of the clerk of Court."

The writ of attachment levied and the goods seized, as in the instant case, it follows from the law as before stated, that the plaintiffs could never subject the goods to the payment of their claim until they had secured *judgment;* and they could not secure judgment unless the defendants were *in Court;* and the defendants could only get into Court by (1) *service* of summons personally; or (a) by publication, or (2) by voluntary *appearance.*

It is true the proceeding by attachment is said to be *in rem,* or more exactly as the Latins would say *quasi in rem.* And some of the *dicta* are to the effect that the plaintiff may satisfy his claim out of the attached goods as far as they shall go, without reference to whether the owner has been in Court or not. *Darby* v. *Shannon,* 19 S. C. 573; *Stanley* v. *Stanley,* 35 S. C. 95, 14 S. E. 675.

But the judgment which was under review in the Stanley case was rendered before the enactment of the Code of Civil Procedure; so that the case was governed by the old statutes. Conceding that there was no service of summons in the instant case on 9th October, the vital enquiry is, did the defendants *appear* on that day?

The acts to work that event which are relied on by appellants, are thus recited in the case:

"Upon the complaint and affidavit and an undertaking duly filed by the plaintiff, an attachment was duly issued in the cause.

On the back of the original summons and complaint on file in the office of the clerk of Court of Common Pleas for Richland county appears the following motion and order:

The sheriff of Richland county, having levied the attachment herein upon the property of the defendants of the value of twenty-five thousand dollars, now the defendants

move the Court to discharge this attachment under the provisions of law upon the giving of a bond in the sum of twenty-five thousand dollars in lieu thereof, which is hereby tendered. (Signed) Elliott & Herbert, Defendant's Attorneys. October 9, 1914.

Notice of the above motion is hereby accepted, and we consent to its immediate hearing. (Signed) Lyles & Lyles, D. W. Robinson, Attorneys for Plaintiffs. October 9, 1914.

Upon the foregoing application, the bond tendered being approved by me, it is ordered, that the attachment herein be discharged and the said bond be filed in lieu thereof. (Signed) J. F. Walker, C. C. P. & G. S."

The procedure by attachment was part of the whole procedure in the cause; it is not severable from the summons, but dependent on it; the Code declares that from that time, from the allowance of the provisional remedy, the Court is *deemed* to have acquired jurisdiction, and to have control of subsequent proceedings. Code Civ. Proc., sec. 189. See *Jordan* v. *Wilson,* 69 S. C. 259, 48 S. E. 224.

That section is part of the title V, which prescribes the "manner of commencing civil actions." Title VII deals with "provisional remedies in civil actions," and in chapter 4 thereof it is declared that when property has been attached and the defendant *shall have appeared* in the action, the defendant may then apply to have the attachment discharged and the property returned to him by the execution of an undertaking. Code Civ. Proc., secs. 295 and 296.

The language of the statute does not constitute the act of execution of the undertaking an act of appearance; it does contemplate appearance before the execution of the bond. The necessary inference is appearance must precede the bond.

When, therefore, the defendant *went* in person of counsel into the Court, to *apply* for the undertaking, he was in or out of the Court.

If he was out, the Court could not hear him; if he was in, the remedy must be granted,—of necessity it is true, like many remedies, but a necessity which only that Court could meet, and which it had to hear in order to meet.

The defendants might have made their appearance special, that is for the purpose solely of a substitution of security; in which event the plaintiff would have been obliged to proceed step by step as prescribed in the Code, and that would have included service by publication.

It is conceded that an appearance is presumed to be general if it has not been expressed to be limited.

It has been held that a motion to discharge the attachment for irregularity in the affidavit underlying it, amounted to an appearance. *Savannah Grocery Co.* v. *Riser,* 70 S. C. 509, 50 S. E. 199.

If that be so, then a recognition of the attachment, as in this case, ought the more to amount to an appearance. We are mindful of those cases which hold that a motion made *after judgment* in the case has been rendered, does not amount to appearance. *Adkins* v. *Moore,* 43 S. C. 173, 20 S. E. 985; *Able* v. *Hall,* 101 S. C. 28, 85 S. E. 165.

The defendants then being in Court on October 9th had constructive notice of all that had been done in the cause. They knew as a fact, therefore, that the complaint had been filed; and they knew as the law what they must then do.

They were bound within twenty days to demand a copy of the complaint, and to answer the complaint within twenty days. See Code Civ. Proc., section 180.

And the Federal statute follows in that wake.

It is true the plaintiffs may have elected not to hold the defendants to the strict rule of the statute in the matter of moving for a removal.

And that constitutes the next issue, and the only one considered by the Circuit Court.

The act of the plaintiffs which the defendants point to as an intention not to rely on the legal effect of the motion of 9th October, is the procedure to serve by publication. That was begun four days after the contended legal appearance on 9th October, and continued for the statutory period.

The affidavit to secure an order by publication which was made by one of the plaintiffs' counsel, recites that "the defendants * * * cannot be found * * * after due diligence, and service of summons and process cannot be made * * * in this State."

The appellants says in their brief:

"Our position is that the time for answering, and consequently the time for removal, commenced to run as a matter of law on October 9th, and, therefore, expires on October 29th. The summons was published afterwards, out of abundant caution, but the rights arising under the service and appearance of October 9th, were rights given by law, and neither ignorance nor misconception of the law can change that law. If we are correct as to the law, the time for removal by virtue of the Federal statute has expired."

The appellants were mindful then that it was doubtful if the defendants were in Court, and they choose not to rely on the alleged appearance of 9th October.

The question with them was not whether they might stand on two rights if they could establish them; but whether they should waive the privilege of standing on one and seek for another. The shadow may not be sought unless the substance be turned loose.

It is true the facts do not bring the case within the limits of an equitable estoppel *in pais*.

But the facts do establish the inference that the plaintiffs elected not to stand on the events of the 9th October after they had transpired, but proceeded to make the event of 18th November.

It would be profitless to pursue the law of estoppel and of waiver.

The facts are the chief thing, and under them we are of the opinion that the plaintiffs waived their right to insist that the defendants were in Court on 9th October.

The strenuous contest made here is proof that it is a serious issue whether a circus company of the State of Michigan, shall go to trial at Columbia, for acts done there, before a jury of the vicinage, or before a jury drawn from a large section of the State.

And for that reason the Federal Constitution has guaranteed the defendant a right of trial before a jury less solicitous about rights of the vicinage.

We are, therefore, of the opinion that the judgment of the Circuit Court must be affirmed, and it is so ordered.