7680

ALL v. WILLIAMS.

JURISDICTION—VENUE—CLAIM AND DELIVERY.—The Court of Common Pleas in one county has no jurisdiction of an action in claim and delivery for possession of animals in another county, but has jurisdiction to order a change of venue. Defendant's remedy is not demurrer for want of jurisdiction, but motion for change of venue.

Before SEASE, J., Barnwell, March, 1910.    Affirmed.

Action by J. H. C. All against Jones A. Williams.    From order overruling demurrer, defendant appeals.

*Mr. S. G. Mayfield,* for appellant.

*Mr. Jas. M. Patterson,* contra.

October 6, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    In this action brought in Barnwell county for the recovery of possession of two mules, the plaintiff alleged in his complaint that the defendant "with a high hand and wanton spirit took and forcibly carried away said mules to the County of Bamberg where the defendant resides."    The defendant interposed the following demurrer: "The defendant, by his attorney, for the purpose of objecting to the jurisdiction of the Court, appears and respectfully shows unto the Court by demurrer: 1. That defendant, as shown by the affidavit hereto attached. is not a resident of the County of Barnwell, but is a resident of the County of Bamberg.    2. That defendant demurs to the jurisdiction of the Court and will move the Court to dismiss said complaint."

The demurrer having been taken up for consideration by consent, and having been overruled by the Circuit Judge, the defendant appeals on this ground: "Because his Honor

erred in overruling defendant's demurrer, it appearing upon the face of the pleadings that the defendant resides in the County of Bamberg and that the property has been removed from the County of Barnwell."

The action should have been brought in the County of Bamberg where the mules, the subject of the action, were at the time of the commencement of the action. Code of Procedure, section 144. Nevertheless, demurrer on the ground that the Court of Common Pleas for Barnwell county had no jurisdiction of the subject of the action was not available to the defendant; for while that Court did not have jurisdiction to try the action, it did have jurisdiction under section 147 of the Code of Procedure to order a change of the place of trial to Bamberg county. *Steele* v. *Exum,* 22 S. C. 272; *Rafield* v. *A. C. L. Ry.,* 86 S. C. 324.

It follows therefore that the remedy of the defendant was not by demurrer for want of jurisdiction, but by motion to transfer the cause to Bamberg county.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.