8855

JONES BROS. v. STRICKLAND *ET AL.*

(81 S. E. 792.)

VENUE. CHANGE OF VENUE. RESIDENCE OF DEFENDANTS.

Code Civil Procedure, 1912, sec. 174, provides that, where there is more than one defendant, the action may be tried in the county in which one or more of the defendants reside at the time of the commencement thereof. Plaintiffs allege they sold a mule to defendant S., and took his note for the price, secured by a mortgage on the mule, and that thereafter S. sold the mule to B., both of whom were residents of B. county; that thereafter defendant V., as agent of the defendant bank, both being nonresidents, wrongfully took possession of the mule, and unlawfully detained him from plaintiffs. *Held,* that defendants, S. and B., were not mere nominal parties to the record, and that the action was therefore properly brought in B. county.

Before ERNEST GARY, J., Bamberg, July, 1913. Affirmed.

Action by Jones Bros. against J. R. Strickland and others for claim and delivery of personal property.

From an order denying the motion of the defendants, W. H. Varn and Bank of Smoaks, to change the venue to Colleton county, they appeal.

*Mr. J. W. Vincent,* for appellant, cites: *Answering no merits does not waive right to make motion:* 69 S. E. 603; 68 S. E. 631. *Jurisdiction at chambers:* 52 S. E. 646. *If no recovery against resident defendants case should be dismissed as to nonresidents:* 35 S. E. 604; 46 S. E. 105; 69 Ill. App. 215; 103 N. W. 115; 91 S. W. 483. *Test is whether the interests of resident defendants are adverse to those of plaintiff:* 77 N. W. 1080; 47 S. W. 482; 86 S. W. 75, 655; 130 N. W. 981; 61 S. E. 886; 97 Pac. 479. *Fraud on jurisdiction of Court to join nominal defendants:* 146 S. W. 1053; 3 Hill L. 297.

*Messrs. Mayfield & Free,* for respondents.

May 20, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs brought this action in the Court of Common Pleas for Bamberg county. The defendants, Strickland and Benton, are residents of that county, and the defendants, Varn and the Bank of Smoaks, are residents of Colleton county. The plaintiffs allege that they sold a mule to Strickland, and took his note for the purchase price, secured by a mortgage of the mule; that thereafter Strickland sold the mule to Benton; that thereafter Varn, as agent of the Bank of Smoaks, wrongfully took possession of the mule, and unlawfully detains him from plaintiffs; that Strickland and Benton both claim an interest in the mule. The defendants, Varn and the Bank of Smoaks, moved for a change of venue to Colleton county. From an order refusing their motion, they appealed.

The motion was properly refused. Section 174 of the Code of Procedure provides that, when there is more than one defendant, the action may be tried in the county in which one or more of the defendants resides at the time of the commencement thereof. The Court cannot say that Strickland and Benton have no interest in the subject of the action, or that they are only nominal parties to the record, for the purpose of giving the Court of Bamberg jurisdiction of the action, and of the defendants who reside in Colleton county. Under the allegation that they claim an interest in the mule, they are proper parties to the action, and the venue was properly laid in the county of their residence.

Affirmed.

MR. JUSTICE GAGE did not sit in this case.