### 9185

### SOUTHERN IRON & EQUIPMENT CO. v. ORANGEBURG RY.

#### (86 S. E. 26.)

APPEAL AND ERROR. AMENDMENT TO PLEADINGS. REFUSAL TO STRIKE OUT ANSWER.

1. PLEADING—AMENDMENT—DISCRETION.—In an action on a draft given by defendant for the purchase price of a box car, it was within the discretion of the Court to allow defendant to amend its answer, which set up breach of warranty, so as also to set up fraud in the sale.

2. APPEAL AND ERROR—REFUSAL TO STRIKE ANSWER.—The refusal of a motion to strike out an answer as frivolous is not appealable.

Before BOWMAN, J., Orangeburg, June, 1914. Affirmed.

Action by Southern Iron & Equipment Company against Orangeburg Railway. From order, plaintiff appeals. The facts are stated in the opinion.

*Messrs. Barron, McKay, Frierson & Moffatt,* for appellant, submit: *Answer was frivolous:* 27 S. C. 164; Bliss, Code Pleadings (2d ed.), secs. 334 and 421; 4 Words and Phrases, 2980; 54 S. C. 400; Code Civil Proc. (1902), sec. 268; Pom. Code Rem. (4th ed.), sec. 528; 37 S. C. 606; 67 Fed. 49; *Ib.* 593; 2 Abbotts, Trial Brief (2d ed.) 965. *Defendant waived its rights by accepting the car and executing draft:* 78 S. C. 205; 87 S. C. 428; 34 S. C. 516; 92 S. C. 569; 74 S. C. 575; 80 S. C. 29. *Amendment improper:* 80 S. C. 217.

*Messrs. Raysor & Summers* and *Moss & Lide,* for respondent, cite: *As to frivolous answer:* Code Civ. Proc.

306; 85 S. C. 338; 54 S. C. 400; 86 S. C. 170; 80 S. C. 297; 2 S. C. 422.  *Application to amend answer:* 30 S. C. 564; 74 S. C. 236; 79 S. C. 270; 82 S. C. 1; 81 S. C. 574; 10 S. C. 98; 70 S. C. 89; 9 S. C. 334.  *Appeal premature:* 77 S. C. 441; 74 S. C. 13; 92 S. C. 361.

August 27, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a draft given by the defendant to the plaintiff.  The defendant, by its answer, admitted the execution of the draft, but alleged that the draft was given for the purchase price of a box car.  That the car was bought under an express warranty that it was in first-class condition and was sound and strong in every particular; that said car failed in every particular and was worthless; that the defendant did not discover the condition of the car until after the execution of the draft.  The defendant then moved to amend by setting up fraud in the sale.

The plaintiff resisted the motion to amend and moved to strike out the answer as frivolous.  Judge Bowman, before whom the motions were made, allowed the amendment and refused to strike out the answer.

There are four exceptions, but they raise two questions.

1. Was it error to allow the amendment to the answer?

2. Was it error to refuse to strike out the answer?

Was it error to allow the amendment?

1       It does not appear that there was error in allowing the amendment.  The allowance of the amendment is within the discretion of his Honor and no abuse of discretion appears.  *Marion County Lumber Co.* v. *Hodges,* 100 S. C. 477, 85 S. E. 49.

Was it error to refuse to strike out the answer?

2       This order is not appealable.  *Bank* v. *Witcover,* 77 S. C. 443, 58 S. E. 149; *Harbert* v. *Railway,* 74 S. C. 12, 53 S. E. 1001.

Order affirmed.