## 9746

### WILLIAMS v. ROLLINS *ET AL.*

### (93 S. E. 1.)

REPLEVIN—VENUE—SUBJECT MATTER.—In an action of claim and delivery for possession of a horse, where the defendant, who had possession, resided in K. county, it was error to refuse a change of venue to such county, although plaintiff and the other defendant resided in the county where the action was brought, in view of Code Civ. Proc. 1912, sec. 172, providing that an action for the recovery of personal property restrained must be tried in the county in which the subject of the action, or some part thereof, is situated.

Before DeVORE, J., Bishopville, Spring term, 1916. Reversed.

Action by Carolina Williams against R. B. Rollins and another. From an order refusing a change of venue, defendant named appeals.

*Mr. Thos. H. Tatum,* for appellant.

*Messrs. McLeod & Dennis* and *R. W. McLendon,* for respondent.

July ·7, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge DeVore refusing a motion for change of venue. The action is for claim and delivery for the possession of a bay horse of the alleged value of $150. The action is against R. B. Rollins and J. M. Hearon, and is brought in Lee county. The plaintiff and Hearon reside in Lee county. The defendant, Rollins, resides in Kershaw county. The complaint alleges that Rollins is in wrongful possession of the horse, and is

withholding the possession of the same from the plaintiff and that Hearon claimed some title or interest to the property by reason of a mortgage over the same. Rollins, before answering, upon proper notice, made a motion for a change of venue from Lee county to Kershaw county, where he resides. This motion was supported by affidavits. The undisputed facts show that at the time the action was commenced Rollins lived in Kershaw county and the property sued for was in Kershaw county. The defendant, Rollins, by appeal, challenges the correctness of Judge DeVore's order and seeks reversal.

Section 172 of Code of Procedure provides that action for the recovery of personal property distrained for any cause must be tried in the county in which the subject of the action or some part thereof is situated. In *All* v. *Williams*, 87 S. C. 102, 68 S. E. 1041, Ann. Cas. 1912b, 837, it was decided that:

"The action should have been brought in the county of Bamberg, where the mules, the subject of the action, were at the time of the commencement of the action."

Justice Woods so construed this section in that case. His Honor seems to have allowed the case of *Jones Bros.* v. *Strickland et al.*, 97 S. C. 444, 81 S. E. 792, to control him in making the order. This mistake is natural from the case as reported, but an examination of the record in the case discloses the fact that there was an action for conversion, and not an action of claim and delivery.

Order appealed from reversed.