## 12261

NORWOOD NATIONAL BANK *ET AL.* v. BANKS *ET AL.*

(139 S. E., 202)

1. SET-OFF AND COUNTERCLAIM—COUNTERCLAIM FOR CONVERSION OF PERSONALTY CANNOT BE SET UP IN ACTION ON CONTRACT.—In an action based on a contract, a counterclaim for conversion of certain personal property, a tort, cannot be set up.

2. APPEAL AND ERROR—ORDER DENYING MOTION TO STRIKE OUT ALLEGATIONS OF PLEADING AS SHAM AND IRRELEVANT IS NOT APPEALABLE BEFORE FINAL JUDGMENT.—An order refusing motion to strike out allegations of a pleading as sham and irrelevant is not appealable before final judgment.

3. APPEAL AND ERROR—ORDER DENYING MOTION TO MAKE PLEADING MORE DEFINITE AND CERTAIN IS NOT APPEALABLE BEFORE FINAL JUDGMENT.—An order refusing motion to require a pleading to be made more definite and certain is not appealable before final judgement.

4. CHATTEL MORTGAGES—MORTGAGES—DENIAL OF COMPULSORY REFERENCE IN ACTION ON NOTES AND TO FORECLOSE MORTGAGES HELD NOT ERROR:—In action on notes and for foreclosure of chattel and real estate mortgages securing such notes, denial of plaintiffs' motion for compulsory reference *held* not error.

Before DEVORE, J., McCormick, August, 1926.   Modified.

Action by the Norwood National Bank and others against W. W. Banks and others.   From an order overruling the demurrer to the counterclaim and denying certain other mo-

tions, plaintiffs appeal. Order reversed in part, and modified; otherwise, affirmed.

*Mr. W. K. Charles,* for appellants, cites: *Facts that enter into and make up a counterclaim must be stated:* 37 S. C., 7; Sec. 121, Bliss, Code Pl., Sec. 275; *Pom. Remedies & Remedial Rights:* 54 S. C., 100; 15 S. C., 10; 61 S. C., 315. *When may be interposed:* Sec. 441, Code Civ. Proc. *Counterclaim for tort cannot be interposed in action ex contractu:* 35 S. E., 761; 76 S. E., 115; 59 S. E., 856; 117 S. E., 415; 21 S. C., 275; 119 S. E., 481; Id., 902; 122 S. E., 403; 25 S. C., 506; Sec. 428, Code. *Action ex contractu:* 1 C. J., 929, 1015, 1016. *Action of tort:* 13 N. E., 465; 112 S. E., 918. *Sham answers:* 84 S. E., 710. *Evidence of parol condition inconsistent with the express terms of note agreed on at or before the execution of the note is inadmissible:* 121 S. E., 559. *Promise made without consideration void:* 1 McC., 514.

*Mr. F. A. Wise,* for respondent, cites: *Exception not considered by Circuit Judge not considered on appeal:* 85 S. C., 278; 84 S. C., 141; 86 S. C., 217; 92 S. C., 169; Id., 418; 94 S. C., 324. *Complaint stated cause of action for tort and counterclaim for tort was proper:* Code Proc. 1922, Sec. 428; 57 S. C., 493; 105 S. C., 137; 120 S. C., 202. *Questions not considered by Circuit Judge not considered on appeal:* 85 S. C., 278; 84 S. C., 141; 86 S. C., 217; 92 S. C., 169; 92 S. C., 418; 94 S. C., 324. *An order refusing motion to strike out is not appealable before final judgment:* 101 S. C., 150; 96 S. C., 354; 95 S. C., 35; 93 S. C., 61; 81 S. C., 303; 78 S. C., 562; 77 S. C., 441; 77 S. C., 367; 74 S. C., 13. *Plaintiffs not entitled to reference:* 134 S. E., 369.

August 29, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for judgment upon several notes executed by the defendant Banks and for the foreclosure of chattel and real estate mortgages securing the same.

The appeal is from an order of his Honor Judge DeVore (1) overruling a demurrer interposed by the plaintiffs to an alleged counterclaim set up by the defendant; (2) refusing the plaintiffs' motion to have certain allegations of the defendants' answer stricken out as sham and irrelevant; (3) refusing the plaintiffs' motion to require the defendants' answer to be made more definite and certain; and (4) refusing the plaintiffs' motion for a compulsory order of reference.

I. The counterclaim to which the demurrer was interposed consists of an alleged cause of action based upon a conversion of certain personal property—a tort, which cannot be set up as a counterclaim in an action based upon contract. *Lenhardt v. French,* 57 S. C., 493; 35 S. E., 761. *Bank of Charleston, National Banking Ass'n, v. Bank of Neeses,* 127 S. C., 210; 119 S. E., 841. *Humbert v. Brisbane,* 25 S. C., 506. *Tuttle v. Gilbert Manuf'g Co.,* 145 Mass., 169; 13 N. E., 465.

II. An order refusing motion to strike out allegations of a pleading as sham and irrelevant is not appealable before final judgment. *Southern Iron & Equipment Co. v. Orangeburg Ry.,* 101 S. C., 150; 86 S. E., 26. *Green v. Atlanta & C. A. L. R. Co.,* 135 S. C., 147; 132 S. E., 172.

III. An order refusing motion to require a pleading to be made more definite and certain is not appealable before final judgment. *Green v. Atlanta & C. A. L. R. Co,* 135 S. C., 147; 132 S. E., 172. *Pendleton v. Columbia Ry., Gas & Electric Co.,* 132 S. C., 507; 128 S. E., 711.

IV. The refusal of plaintiffs' motion to order a compulsory reference is sustained by the case of *Palmetto Bank & Trust Co. v. Grimsley et al.,* 140 S. C., 101; 138 S. E., 624, filed June 20, 1927, and cases cited therein.

It follows that the order of his Honor Judge DeVore is modified by reversing it so far as it overrules the plaintiffs' demurrer to the defendants' counterclaim, and affirming it in other respects.

Mr. Chief Justice Watts and Messrs. Justices Stabler and Carter concur.

Mr. Justice Blease disqualified.