16150

BRIGMAN *ET AL.* v. ONE 1947 FORD CONVERTIBLE COUPE AUTOMOBILE (LICENSE NO. D-105,173)

(50 S. E. (2d) 688)

*Mr. James E. Leppard,* of Chesterfield, *for Appellants-Respondents,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondent-Appellant,*

*Mr. James E. Leppard,* of Chesterfield, *for Appellants-Respondents,* in reply,

November 26, 1948.

BAKER, Chief Justice.

The plaintiffs and defendant both appeal in this case, and for a better understanding of the matter they will be referred to as they appear in the Circuit Court.

The plaintiffs are residents of Chesterfield County, and the defendant automobile was at the time of the institution of this action situate in Marlboro County. It appears that the owner of the automobile was a resident of Marlboro County, but he is not a party. Writ of attachment against

defendant automobile was issued by the Clerk of Court for Chesterfield County in an action commenced in the Court of Common Pleas for that County, against the automobile alone, for recovery of damages growing out of a wreck occurring in said County, in which defendant automobile was involved. The writ was directed to the Sheriff of Marlboro County commanding him to seize the defendant automobile, and the attachment was levied and the automobile seized in Marlboro County.

Bond was filed on behalf of defendant automobile for release of the attachment, and at the time of or simultaneously with the filing of this bond, a notice to the Sheriff and plaintiffs' attorney was given that it reserved the right to have the attachment dismissed on the ground that it was irregularly and improvidently issued; that the Court of Common Pleas for Chesterfield County had no jurisdiction of defendant automobile; that the action *in rem* against the defendant automobile does not lie in Chesterfield County; and that the bond was filed in lieu of the attached property. The defendant also served at the same time a notice of a motion before Honorable J. Woodrow Lewis, Judge of the Fourth Judicial Circuit, to dismiss the attachment upon the same grounds, and, in the event said motion was not granted, for an order changing the place of trial to Marlboro County.

Judge Lewis made an order denying the motion to dismiss the attachment, but granting the motion to change the place of trial from Chesterfield to Marlboro County. It is from this order that both parties appeal.

We will first consider the appeal of defendant automobile. The question presented by the defendant-appellant is: Did the Clerk of Court for Chesterfield County have power or authority to issue warrant of attachment against defendant automobile, then in Marlboro County, in an action solely *in rem?*

The nature of the action is disclosed by a consideration of *Tolbert v. Buick Car,* 142 S. C. 362, 140 S. E. 693, in which this Court sanctioned an action solely *in rem* against an offending automobile under the statute giving a lien upon motor vehicles, negligently operated, for damages, and providing for attachment thereof to satisfy such damages. This case does not, however, bear upon the jurisdictional question here presented, nor has a case been found deciding the question.

There is no personal defendant in this action, but the Courts of Common Pleas in this State have general jurisdiction, subject to change of venue as provided for by statutes. A tort action for damages growing out of a collision between motor vehicles is a transitory cause of action, but the fact that the accident happened in Chesterfield County (and that the plaintiffs were residents of that County) has no significance in determining the question now under discussion. If a personal defendant is a resident of the County in which an action is brought, and has property, which the plaintiff has the right to attach, the Court's jurisdiction of the personal defendant gives it jurisdiction to issue a warrant of attachment directed to the Sheriff of any county in which the property of such defendant may be found. Sec. 531 of the 1942 Code.

But the precise issue here involved is, Can an action be brought in any County of the State and the Clerk of Court there issue a writ of attachment to the Sheriff of any other County in the State where the automobile may be situate?

Section 8792 of the Code gives a lien upon a motor vehicle, negligently or carelessly operated to the extent of damages occasioned by reason of such operation of the motor vehicle, recoverable in any court of competent jurisdiction, and provides for its attachment in the manner authorized by law. As aforestated, the Courts of Common Pleas in this State, are courts of general jurisdiction, and if jur-

isdiction, in a strict sense, is not confused with venue, then a remedy is afforded to a defendant by Section 426 of the Code which provides that the court may change the place of trial "when the county designated for that purpose in the complaint is not the proper county." Such has been done time after time where an action has been brought in a county against a personal defendant, a resident of another county.

When the writer of this opinion first read the record in this case, he reached the conclusion that the signing of the writ of attachment by the Clerk of Court of Chesterfield County amounted to a *quasi*-judicial act on his part, rather than merely a ministerial act, and that the writ was therefore void. However, upon further consideration of the matter it would appear that it has been settled beyond question that where an action has been brought in a county where the court does not have jurisdiction of the subject matter or of the person, that the cause cannot be dismissed but must be transferred to the proper county where the Court does have jurisdiction. *All v. Williams,* 87 S. C. 101, 68 S. E. 1041, Ann. Cas. 1912-B, 837. Of course, timely motion must be made for a change of venue, as was done in this case.

The case of *Whitworth v. Wing,* 125 S. C. 146, 118 S. E. 177, cited by the plaintiffs, does not throw any particular light on the question. Admittedly the question of the power of the Clerk of Court for Lexington County to issue warrant of attachment for an automobile then in Aiken County was not presented or adjudicated. The Clerk directed his writ to the Sheriff for Lexington County, who undertook to deputize a third party to levy the attachment in Aiken County. The only question on appeal was the power of the Sheriff of one county to attach property in another county, and it was held that no such authority exists. In addition, there were two defendants in that case, one of whom was a resident of Lexington County, and the other a resident of Aiken County. The jurisdiction

of the Common Pleas Court of Lexington County, under those conditions, could not be questioned. The jurisdiction of the court did not rest upon the presence, within its territorial limits, of the property sought to be attached.

Plaintiffs contend, however, that by filing bond as a substitute for the attached property, the defendant automobile made a general appearance, thus waiving the jurisdiction of the Court out of which the writ of attachment was issued, and any defects therein, although the bond was filed with notice of reservation of jurisdictional objections. Where a defendant makes his appearance special, that is, for the purpose solely of a substitution of security, it is not a general appearance. *Stephens v. Ringling,* 102 S. C. 333, 86 S. E. 683, 686. With its bond, the defendant automobile filed with the Sheriff a notice that the bond was filed solely to substitute same in lieu of the attached property, reserving its right to object to the jurisdiction of the Court. At the same time, the defendant automobile, appearing solely for the purpose, moved the Court to dismiss the attachment on the ground that the Common Pleas Court for Chesterfield County had no jurisdiction. It could not do more to preserve its jurisdictional objections, and, in no sense, can be held to have waived its right to have the attachment dismissed.

It is also contended that the defendant automobile waived its jurisdictional objection by demanding copy of the complaint. After Judge Lewis filed his order overruling the motion to dismiss the attachment for lack of jurisdiction, and sustained the motion to transfer the action to Marlboro County for trial, the defendant automobile, while still reserving jurisdictional objections, filed notice demanding a copy of the complaint. This procedure was proper, and did not constitute a general appearance, or in any wise waive the jurisdictional objection. The defendant was not required to place itself in the position of being in default, after its motion to dismiss the attachment had been

overruled. *Barfield v. Southern Cotton Oil Co.*, 87 S. C. 322, 69 S. E. 603.

Plaintiffs further contend that the trial Judge erred in granting the motion of the defendant to transfer the cause to Marlboro County. What we have hereinbefore stated in passing upon defendant's exception makes a discussion of this issue unnecessary.

The order appealed from is,

Affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.