16320

GENERAL PLYWOOD CORPORATION v. RICHARD JONES, INC., *ET AL.*

(57 S. E. (2d) 636)

*Mr. John E. Stansfield,* of Aiken *for Appellant,*

*Messrs. Williams & Busbee,* of Aiken, *for Respondent,*

February 20, 1950.

TAYLOR, Justice.

Action in this case was commenced by the service of the following complaint by respondent upon appellant. Respondent thereafter moved before the Honorable E. H. Henderson, Judge of the Second Judicial Circuit, for an order of reference, who, under order of May 17, 1949, directed that the matter be referred to Honorable E. S. Croft, Master of Aiken County, for the purpose of taking the testimony and reporting the same to the court, together with his findings of fact and conclusions of law.

The complaint referred to is as follows:

I. That plaintiff, General Plywood Corporation, was at the times hereinafter mentioned, and now is, a corporation

existing under and by virtue of the laws of the State of Kentucky, with its principal place of business in  *  *  *, Kentucky, where it carries on business of manufacturing and selling plywood.

II. That defendant, Richard Jones, Inc., was at the times hereinafter mentioned, and now is, a corporation existing under and by virtue of the laws of the State of South Carolina, with its principal place of business in the County of Aiken, State of South Carolina. That the property hereinafter mentioned as being covered by a certain mortgage is mobile property that can go from place to place under its own power, but plaintiff is informed and believes that the major portion of said property is now situate in Aiken County, South Carolina.

III. That defendant, Bank of Greenwood, was at the times hereinafter mentioned, and now is, a banking corporation, existing under and by virtue of the laws of the State of South Carolina, with its princitpal place of business in Greenwood County, but with a branch in Aiken County.

IV. That for value received under date of October 20, 1948, defendant, Richard Jones, Inc., made, executed and delivered unto plaintiff herein its certain promissory note in writing, signed by Richard Jones, its President, wherein and whereby said defendant promised to pay unto plaintiff the full and just sum of $9,400.00 in instalments of $500.00 each, payable on the 1st day of each month, commencing on November 1, 1948, and each month thereafter on the same date for eighteen months, and a final instalment of $400.00 payable on the 1st day of May, 1950, until the full amount of principal and interest is paid, together with interest thereon from maturity at the rate of five (5%) per cent. per annum; and if not so paid when due to become part of the principal and bear interest at the same rate as the principal sum. The promissor may anticipate any or all instalments on any instalment payment date. If any two (2) instalments of this note are not paid at or before maturity, the balance remain-

ing unpaid shall immediately become due and payable, and the undersigned hereby agrees to pay any expenses of collection, including ten (10%) per cent. Attorney's fees, if placed in the hands of an Attorney for collection. All parties to this note, including sureties, endorsers, and guarantors, hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest and diligence in bringing suit against any party hereto, and hereby consent that time may be extended after maturity without notice. This note is secured by a chattel mortgage of even date herewith.

V. That in order to secure the payment of the aforesaid note, defendant, Richard Jones, Inc., upon the 20th day of October, 1948, made, executed and delivered unto plaintiff herein its certain chattel mortgage, signed by its president, Richard Jones, wherein and whereby defendant conveyed and sold unto plaintiff, by way of mortgage, the following described chattels, to wit: 1 Loggers Dream, 1948 Model LR 764, 100 HP Unit No. 561, mounted on 1941 International K5. 2-1945 Mack 3 T. Truck Tractors; Motor No. EN354-148-14, Serial EHT 3552 and Motor No. 354-127-70, Serial No. 152304, both equipped with Dorsey Pole Trailers, Serial Nos. 10943 and 10944. Any right, title and interest, it has in and to: 1 Allis Chalmers Tractor HDLO W, Serial No. 2611 and Athey Log Wagon, Serial BT3014.

That said chattel mortgage has been duly filed in the office of the Clerk of Court for Aiken County, South Carolina, on the 8th day of November, 1948, and therein recorded in Chattel Mortgage Book 240, at page 389. That said chattel mortgage was also filed and recorded in the office of the Clerk of Court for Barnwell, South Carolina, in Chattel Mortgage Book 18, at page 371, on the 15th day of November, 1948.

VI. That defendant, Richard Jones, Inc., has made default in the monthly payments upon said note and chattel mortgage, having paid only a total of $615.70, the last payment being during the month of December, 1948, and having made no payments since that date; that under the terms and con-

ditions of said note and chattel mortgage, plaintiff elects to declare the entire balance of said debt now due and payable; that there is now due and owing to plaintiff upon said note and chattel mortgage the full and just balance of $8,784.30 together with interest at the rate of 5% per annum from February 1, 1949, the additional sum of 10% as attorneys' fees for collection, it having been necessary for plaintiff to engage attorneys for the purpose of collecting the same by suit, and for the costs of this action.

VII. That plaintiff, having elected to declare the entire balance under the note and chattel mortgage due and payable, desires to foreclose said chattel mortgage, bar the equity of redemption, sell the mortgaged chattels, and apply the proceeds thereof to the payment of said debt, attorneys' fees, and costs. That plaintiff does not waive a deficiency judgment.        ,

VIII. That Bank of Greenwood is made a defendant in order that they may set up any claims or rights that they may have in the matters herein contained.

Wherefore, plaintiff prays judgment against defendant:

(1) For the sum of $8,784.30, together with interest at the rate of 5% per annum from February 1, 1949, together with 10% on the entire amount and the costs of this action.

(2) That plaintiff's chattel mortgage be foreclosed, the equity of redemption be barred, and the mortgaged chattels sold, and the proceeds thereof applied to said mortgage debt, and attorney's fees, and the costs.

(3) To adjudicate any claim defendant, Bank of Greenwood, may have in and to the matters herein contained, and if none, to forever bar said claims or rights.

(4) For such other and necessary relief that plaintiff may be entitled to.

Appellant, having resisted the motion for an order of reference, now appeals to this Court upon exceptions which present the one question: Should the Presiding Judge have granted a general order of reference? Appellant

contends the action was one for the recovery of specific property on the law side of the court and therefore not referable. With this contention we cannot agree. This is not a claim and delivery proceeding but, in our opinion, one for the foreclosure of a chattel mortgage which does not direct delivery of chattels to respondent or place him in possession thereof, but will direct a sale through the court and the proceeds thereof applied to the indebtedness with any surplus being paid to appellant.

Appellant further contends that, since respondent does not waive a deficiency judgment, the matter is for determination by a jury and not referable.

The purpose of the foreclosure is to fully determine the entire controversy, while at the same time protecting the rights of all parties, to determine the amount of the debt in order to disburse the proceedings of the sale, and should there be a deficiency, the Court of Equity may give relief by way of a personal judgment. *Speizman v. Guill,* 202 S. C. 498, 25 S. E. (2d) 731; *Judson Mills v. Norris,* 166 S. C. 422, 164 S. E. 919; 14 C. J. S., Chattel Mortgages, § 419, page 1076; 10 Am. Jur. 874, Sec. 244.

Appellant relies upon the case of *Norwood Nat. Bank v. Banks,* 141 S. C. 10, 139 S. E. 202, as controlling, which was based upon Section 593 of the 1922 South Carolina Code. However, an amendment to this section of the Code was approved February 7, 1928, Acts South Carolina 1928, No. 581, p. 1149, so that it now appears as Section 653 of the 1942 Code, which provides that the court may direct a reference in equitable actions and equitable issues in actions at law, and that the order may be general of all issues of both law and fact.

This case being one in equity under Section 653, Code of 1942, the motion for an order of reference was addressed to the sound discretion of the Circuit Judge as to whether he should hear or refer the matter. *Farley v. Matthews,* 168 S. C. 294, 167 S. E. 502.

328

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed and the order appealed from affirmed, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.