17157

W. C. CAYE & COMPANY, INC., Respondent, v. R. M. SAUL, d/b/a
SAUL CONSTRUCTION COMPANY, INC., Appellant

(92 S. E. (2d) 696)

*Horace W. Sawyer, Esq.,* of Edgefield, *for Appellant,*

*Messrs. Edgar L. Morris* and *James E. Reagan,* of Columbia, *for Respondent,*

May 9, 1956.

Moss, Justice.

The appellant, R. M. Saul, did on March 19, 1955, execute and deliver to W. C. Caye & Company, Inc., respondent, his promissory note, whereby he agreed to pay the sum of Twenty-Eight Thousand Two Hundred Eighty-Two & 50/100 ($28,282.50) Dollars in eighteen consecutive monhtly installments. He also executed on the same date a Conditional Sales Contract covering one motor road scraper as security for the payment of said note. The appellant defaulted in the payment of the indebtedness represented by said note and secured by the Conditional Sales Contract. Prior to the institution of this action he voluntarily surrendered possession of the motor road scraper to the respondent in Richland County, the same being delivered from the appellant's home in Edgefield County, of which he was a resident.

This action was commenced in Richland County by the respondent against the appellant for the purpose of foreclosing the Conditional Sales Contract. The prayer of the complaint was for judgment of foreclosure of the said Conditional Sales Contract, referred to in the complaint as a chattel mortgage, and for the sale of the said motor road scraper free and clear of all claims of the appellant, that his equity of redemption be barred and foreclosed in such property, that a sale of said property be had and the proceeds applied to the payment of respondent's indebtedness and that the respondent have judgment against the appellant for any deficiency after application of the proceeds of said sale.

The appellant gave due notice that he would move before the Presiding Judge of the Fifth Circuit for a change of venue of this action from Richland County to Edgefield County, the place of the residence of the appellant. This motion was heard by the Presiding Judge of the Fifth Circuit and refused. The court held that under Title 10, Section 301 (4) of the 1952 Code of Laws of South Carolina, that the subject matter of the action was in Richland County and that the cause must be tried in said County. He also held

that the cause of action was for the recovery of personal property distrained.

The appellant comes to this court upon five exceptions that raise the single question of whether or not the Presiding Judge committed error in refusing to grant the appellant's motion for a change of venue from Richland County to Edgefield County, the residence of the appellant.

There is no question but that the appellant was in default in the payment of the debt due by him to the respondent. He had voluntarily surrendered the possession of the motor road scraper which was security for the debt. The respondent was in possession thereof at the time of the commencement of this action.

In the case of *Speizman v. Guill,* 202 S. C. 498, 25 S. E. (2d) 731, 735, this Court stated:

"The remedies open to a chattel mortgagee when the mortgage becomes past due are set forth in *Stokes v. Liverpool & London & Globe Insurance Company,* 130 S. C. 521, 126 S. E. 649, 652: 'When a chattel mortgage becomes past due, the mortgagee has three remedies for realizing upon his security: (1) He may peaceably take possession of the chattel, advertise and sell and apply the proceeds of sale to his secured debt, paying the surplus, if any, to the mortgagor; (2) if possession be refused, he may institute claim and delivery proceedings to get possession of the chattel for the purpose of sale as in the first instance; (3) he may institute a proceeding similar to the foreclosure of a mortgage of real estate.' "

The purpose of a foreclosure proceeding is to fully determine the entire controversy between the parties, to protect the rights of all parties, to determine the amount of the debt in order to disburse the proceeds of sale, and should the personal property so sold be not sufficient to pay the debt, that a deficiency judgment may be entered against the maker of the obligation. *Speizman v. Guill, supra; Judson Mills v. Norris,* 166 S. C. 422, 164

S. E. 919; *General Plywood Corporation v. Richard Jones, Inc.,* 216 S. C. 322, 57 S. E. (2d) 636.

■ Section 10-301 of the 1952 Code of Laws of South Carolina, which the respondent invokes, reads as follows:

"Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, in certain cases as provided in § 10-310:

"(1) For the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest and for injuries to real property;

"(2) For the partition of real property;

"(3) For the foreclosure of a mortgage of real property; and

"(4) For the recovery of personal property distrained for any cause."

Section 10-303 provides that "In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action."

The present action is not one "For the recovery of personal property distrained for any cause" but is one for the foreclosure by action of a chattel mortgage. Hence Section 10-301 (4) is not determinative of the issue here raised. Had this been an action for the recovery of personal property, the county in which the personal property or some part of it was situated, would have been the proper venue. *All v. Williams,* 87 S. C. 101, 68 S. E. 1041; *Williams v. Rollins,* 107 S. C. 440, 93 S. E. 1; *Smith v. Thomas,* 184 S. C. 498, 193 S. E. 51.

The Trial Judge, in his order overruling the motion for change of venue, lays emphasis upon the provisions of the statute that this cause "must be tried" in the county in which the subject of the action or some part thereof is

situated. It is asserted that these imperative words cannot be disregarded. With this contention we agree, but the case must belong to one of the classes set forth in Section 10-301. If this was a case for the recovery of personal property and such personal property was located in Richland County, then the cause would be such that it "must be tried" in Richland County, where the subject of the action is situated. But such is not the case here. Nowhere in the complaint is any demand made for the possession of the personal property nor could any such demand be made for the reason that it was already in the possession of the respondent.

In the case of *Herron v. Fox*, 67 S. D. 36, 288 N. W. 459, 460, 126 A. L. R. 1187, there was before the Supreme Court of South Dakota a situation similar to the one here. It appears from a report of the case that the defendants had purchased certain personal property from the plaintiff under a Conditional Sales Contract; that the defendants defaulted and surrendered the property to the plaintiff. The plaintiff then asks that the contract be foreclosed and the property sold and the proceeds applied to plaintiff's debt and the defendants be required to pay any deficiency. It appears also that the property was in Minnehaha County and that the defendants were residents of Brule County. An action was brought to foreclose the Conditional Sales Contract in Minnehaha County. The defendants moved to change the venue to their place of residence, Brule County. The statutes of the State of South Dakota are practically similar to the ones here involved and the Supreme Court of that State, in granting a change of venue to the place of the residence of defendants, said:

"The statutes of this state fix a definite place of trial for certain actions, render the venue optional with the plaintiff in certain other actions, and provide 'In all other cases the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action * * *'. §§ 2325-2327, Rev. Code of 1919, SDC, 33.0301-33.0304. Under the showing appear-

ing in the record it can not seriously be questioned but what these defendants resided in Brule County at the commencement of this action. A single provision of the statute is called to our attention and urged upon us as fixing the place of trial of this action in Minnehaha County, the place of location of the personal property involved. It is said that this is an action 'for the recovery of personal property distrained for any cause' within the terms of § 2325, Rev. Code of 1919, SDC, 33.0301. This contention is largely based upon the holding of this court in *Wolfe v. Montgomery,* 41 S. D. 267, 170 N. W. 158. The suggested view is not maintainable. This is not an action for the recovery of personal property. Plaintiff alleges 'That the plaintiff peaceably repossessed said property. That the plaintiff is in possession of said property \* \* \*.'

"Plaintiff seeks to foreclose a conditional sales contract by action. We do not consider or determine whether the complaint states a cause of action. Suffice it to say that, in view of the allegations of this particular complaint dealing with the possession of the property involved, if a cause of action is stated, it is one which, on the demand of defendants, must be tried at the place of their residence under the terms of § 2328, Rev.Code of 1919, SDC, 33.0305."

We reach the conclusion that where an action is brought for the foreclosure of a chattel mortgage, the property embraced within said mortgage being in the possession of the person instituting the action for foreclosure, the case should be tried in the County of the residence of the defendant.

We, therefore, conclude that the trial court was in error in not granting the motion for a change of venue.

For the reasons above stated, we hold that the Trial Judge should have granted the appellant's motion for a change of venue, and that it was error not to so do.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.