TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.

---

17346

JOHN W. TAYLOR and FRED B. McLEAN, d/b/a Millbrook Super Market, Respondents, v. W. C. WALL, Appellant

(100 S. E. (2d) 400)

*Frank E. Harrison, Esq.,* of McCormick, *for Appellant,*

*Messrs. Williams & Busbee,* of Aiken, *for Respondents,*

*Frank E. Harrison, Esq.,* of McCormick, *for Appellant,*

November 11, 1957. ·

Moss, Justice.

This action was instituted by John W. Taylor and Fred B. McLean, doing business as Millbrook Super Market, the respondents herein, against W. C. Wall, appellant, to recover damages in the sum of One Thousand Two Hundred Fifty & 00/100 ($1,250.00) Dollars.

The complaint alleges that the respondents are the owners of a lot of land in Aiken County, S. C. The complaint then alleges that the respondents and the appellant entered into a contract, by the terms of which it was agreed that the appellant would pave the front and side of the lot of land owned by the respondents for a consideration of One Thousand & 00/100 ($1,000.00) Dollars. It is then alleged that the appellant, instead of performing the terms of the contract in a workmanlike manner and with good material, that after several months had elapsed, the hot asphalt which had been poured upon a thin layer of crushed stone, began to break through and cause water to stand on the dirt and washed out holes therein. It is then alleged that the appellant "instead of improving the land has injured and damaged it, * * *."

It appears from the record that the appellant is a resident of McCormick County and that this action was commenced in the Court of Common Pleas for Aiken County by the service of a Summons and Complaint upon the appellant at McCormick, South Carolina.

The appellant demurred to the complaint on the ground that the court had no jurisdiction of the person of the appellant or the subject of the action, in that the cause of action in said complaint being for breach of contract, the appellant had a right to trial in the County of his residence. This

demurrer was heard by Honorable T. B. Greneker and he issued an Order overruling the same. From this Order overruling the demurrer, the appellant assigns error.

The appellant apparently was attempting to follow the provision of the Code which is contained in Section 10-642, 1952 Code of Laws of South Carolina, which provides:

"The defendant may demur to the complaint when it shall appear upon the face thereof that: (1) The court has no jurisdiction of the person of the defendant or the subject of the action; * * *."

Examination of the complaint shows that it contained no allegation as to the resdence of the appellant. It did recite, however, that the real estate upon which the work was done by the appellant was situated in Aiken County, South Carolina.

Under the provision of the Code above quoted, and the decisions of this Court, a complaint is not demurrable on the ground that the court has no jurisdiction of the person or the subject of the action unless it appears upon the face thereof. This court has so held in the case of *Duncan v. Duncan*, 93 S. C. 487, 76 S. E. 1099.

It is well settled that in passing on a demurrer, the court is limited to the allegations of the complaint which must be accepted as true, and cannot consider facts not alleged therein. *Skalowski v. Joe Fisher, Inc.*, 152 S. C. 108, 149 S. E. 340, 65 A. L. R. 1427; *Williams v. Continental Casualty Co.*, 155 S. C. 543, 152 S. E. 703; *Spell v. Traxler*, 229 S. C. 466, 93 S. E. (2d) 601.

By reference to the complaint, the substance of which has been hereinbefore stated, it will be seen that it does not appear upon the face thereof that the court had no jurisdiction of the person of the appellant, or of the subject of the action. Hence there was no error in overruling the demurrer.

It was the contention of the respondents that this action was brought pursuant to Section 10-301 of the 1952 Code of Laws of South Carolina, which

provides that actions must be tried in the County in which the subject of the action, or some part thereof, is situate, and this statute specifically provides that if the action is one for injury to real property that it must be tried in the County in which the real estate is situated. The appellant contends that the action is one for the breach of a contract, and since he is a resident of McCormick County the action should be tried in the County in which he resided at the time of the commencement of the action. Section 10-303, 1952 Code of Laws of South Carolina. It becomes unnecessary for this court to determine whether this action is one for damage and injury to real property or one for a breach of contract, for the reason that the appellant has not appropriately raised this question.

Since the appellant contends that the Common Pleas Court of Aiken County was without jurisdiction for the reason that the complaint stated only a cause of action for breach of a contract and he being a resident of McCormick County, South Carolina, the proper remedy was for the appellant to move to change the place of trial pursuant to the provision of Section 10-310, 1952 Code of Laws of South Carolina, which provides:

"The court may change the place of trial in the following cases: (1) When the county designated for that purpose in the complaint is not the proper county; * * *".

In the case of *Brigman v. One 1947 Ford Convertible Coupe*, 213 S. C. 546, 50 S. E. (2d) 688, 691, this court has fully set forth what a defendant should do in the event he desires to question the jurisdiction of the court as to the subject-matter or of the person. In that case this court said:

"However, upon further consideration of the matter it would appear that it has been settled beyond question that where an action has been brought in a county where the court does not have jurisdiction of the subject-matter or of the person, that the cause cannot be dismissed but must be transferred to the proper county where the Court does have

jurisdiction. *All v. Williams,* 87 S. C. 101, 68 S. E. 1041, Ann. Cas. 1912-B, 837. Of course, timely motion must be made for a change of venue, as was done in this case."

In the case of *All v. Williams,* 87 S. C. 101, 68 S. E. 1041, it appears that an action was brought in Barnwell County for the recovery of the possession of two mules located in Bamberg County where the defendant resided. The defendant demurred to the complaint on the ground that he was not a resident of Barnwell County, but that he was a resident of and the personal property was located in Bamberg County. The defendant appealed from an Order overruling the demurrer and this court, in disposing of the exceptions, said:

"The action should have been brought in the county of Bamberg where the mules, the subject of the action, were at the time of the commencement of the action. Code Civ. Proc., 1902, § 144. Nevertheless, demurrer on the ground that the court of common pleas for Barnwell county had no jurisdiction of the subject of the action was not available to the defendant; for, while that court did not have jurisdiction to try the action, it did have jurisdiction, under Section 147 of the Code of Civil Procedure of 1902, to order a change of the place of trial to Bamberg county. *Steele v. Exum,* 22 S. C. 276; *Rafield v. Atlantic Coast Line Ry.,* 86 S. C. 324, 68 S. E. 631. It follows, therefore, that the remedy of the defendant was not by demurrer for want of jurisdiction, but by motion to transfer the cause to Bamberg county."

In the case of *Lillard v. Searson,* 170 S. C. 304, 170 S. E. 449, 450, it appears that the defendant was sued in Richland County on a promissory note; he made default and judgment was entered against him; thereafter, he moved to vacate the judgment on the ground that the Common Pleas Court of Richland County had no jurisdiction for the reason, at the time of the commencement of the action, he was a resident of Allendale County. The motion to vacate was refused and the defendant appealed to this court. It was held

that in most cases the law requires an action to be tried in the County where the defendant resides. The court, in disposing of the appeal, had this to say:

"Since it clearly appears that the defendant named in the case was not a resident of Richland county, at the time the action was instituted against him, but was a resident of Allendale county, the action was instituted in the wrong county, and the proper course to have pursued was for the defendant to have moved to have the case transferred to Allendale county. For, while under the above-named sections of the Code the court had no jurisdiction to try the case on its merits, it had jurisdiction to hear a motion to transfer the case to the proper county, and, if the defendant had pursued this course before time for answering expired, the court would have been bound to have granted the motion. However, the defendant did not do this, and waited until judgment had been rendered in the cause before taking any steps in the matter. Therefore the defendant waived the jurisdictional question, and, in effect, gave to the court of Richland county authority to hear the said case on its merits, and judgment was thereafter rendered in said court against the defendant as in any other default case. The contention is made that, the question being a jurisdictional question, the same could not be waived, even by the defendant— by direct act or by failure to appear. This is true when jurisdiction of subject-matter is involved, for the subject-matter cannot be waived even by consent, but it is the recognized rule of this court that jurisdiction of the person may be waived. Therefore, the question involved in the case at bar being jurisdiction of the person, it is clear that the defendant had the right to waive such question, and under the facts of this case we must hold that the defendant did waive the same by his failure to file any paper in the cause or take any steps until after the time for doing so prescribed under the Code had passed."

We conclude that the remedy of the appellant was not demurrer for want of jurisdiction, but his proper course of

procedure was to ask for a change of venue pursuant to the terms of Section 10-310, 1952 Code of Laws of South Carolina. However, the appellant, not having availed himself of this statutory procedure, he cannot now complain that the Common Pleas Court of Aiken County did not have jurisdiction.

After Judge Greneker had overruled the demurrer interposed by the appellant, he made a motion to require the respondents to make their complaint more definite and certain by separately stating the causes of action therein contained. This motion was refused by Judge Pruitt, who was then the presiding Judge in Aiken. Thereafter, this case was tried on its merits before Judge E. H. Henderson, resulting in a verdict in favor of the respondents. The appellant has excepted to the Order of Judge Pruitt and the verdict and judgment rendered in the trial before Judge Henderson.

The appellant, in his argument upon appeal from the Order of Judge Pruitt and the verdict and judgment had before Judge Henderson, asserts that such "were erroneous as a denial of defendant's right to trial in McCormick County, the county of his residence." What we have heretofore said with reference to the Common Pleas Court of Aiken County having jurisdiction to try this case disposes of the exceptions questioning the validity of the Order of Judge Pruitt and the verdict and judgment obtained in the trial upon the merits before Judge Henderson.

All exceptions are overruled and the judgment of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.