17385

THOMAS & HOWARD COMPANY OF CONWAY, Respondent, v.
MARION LUMBER COMPANY, Appellant

(101 S. E. (2d) 848)

*Messrs. Woods & Woods,* of Marion, *for Appellant,*

*Messrs. Singleton & Singleton,* of Conway, *for Respondent,*

*Messrs. Woods & Woods,* of Marion, *for Appellant,* ■

February 5, 1958.

Moss, Justice.

Thomas & Howard Company of Conway, the respondent herein, commenced this action in "The Civil Court of Horry" against Marion Lumber Company, the appellant, a domestic corporation with its principal place of business in Marion, South Carolina, to recover damages alleged to have been sustained by the respondent on account of a collision between a truck owned by it and a truck of the appellant.

The appellant served due notice of a motion to transfer the case from the Civil Court of Horry to the Court of Common Pleas of Marion County, South Carolina, upon the grounds (1) that the appellant is a domestic corporation, with its legal residence in Marion County, and that it has no place of business, office, agent or property in the County of Horry and does not conduct any business in said County, and, (2) the convenience of witnesses and the ends of justice would be promoted by such change of venue. The motion was supported by an affidavit of an officer of the appellant which, without dispute, shows that Marion Lumber Company is a domestic corporation

with its place of business in Marion, South Carolina, and that it has no place of business, office, agent or property in Horry County; that it has no business operations in Horry County, except that it makes occasional deliveries there of lumber purchased from its plant in Marion, South Carolina. The respondent did not submit any affidavit disputing the contents of the affidavit submitted in behalf of the appellant, and there is nothing in the record to overcome the showing made by the appellant.

The motion to change the venue from the Civil Court of Horry to the Court of Common Pleas for Marion County, South Carolina was heard by the Judge of such Civil Court of Horry and, without making any findings of fact, a formal order was issued denying the motion. The case is before this Court on an appeal from the order of the lower Court. It becomes necessary for us to pass only upon the question of whether the lower Court committed error in refusing to transfer this case from the Civil Court of Horry to Marion County because it does not appear that the corporation owns property and transacts its corporate business in Horry County.

This Court has held in numerous cases that the right of a defendant in a civil action to trial in the county of his residence, assured under Section 10-303, Code of Laws of South Carolina 1952, is a substantial one. *Dison v. Wimbly,* 230 S. C. 187, 94 S. E. (2d) 877; *Wood v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669; *McCauly v. McLeod,* 230 S. C. 380, 95 S. E. (2d) 611.

It is provided in Section 10-421 of the 1952 Code of Laws of South Carolina, as follows:

"* * * that, in the case of domestic corporations, service as effected under the terms of this section shall be effective and confer jurisdiction over any domestic corporation in any county where such domestic corporation shall own property and transact business, regardless of whether or not such domestic corporation maintains an office or has agents in that county."

Since it appears that the appellant is a domestic corporation with its principal place of business, office and agents in Marion, South Carolina, its legal residence is in said county. It should be sued in that county unless it appears that the corporation owns property and transacts its corporate business in Horry County, so as to give the Courts of that county jurisdiction. The record does not show that the appellant owns any property in Horry County. The affidavit in behalf of the appellant shows that it only makes occasional deliveries of lumber in Horry County when such is purchased from its plant in Marion, South Carolina.

In the case of *Hopkins v. Sun Crest Bottling Co.*, 228 S. C. 287, 89 S. E. (2d) 755, 756, an action was brought for damages in Darlington County resulting from the collision of trucks. It appeared that the Bottling Company had its principal place of business in Florence County and sold its bottled soft drinks in Darlington County under an arrangement whereby customers made deposits on bottles and crates and received their deposits back when crates and bottles were returned. This Court held that the Bottling Company did not own property in Darlington County within the meaning of the statute providing that service on a domestic corporation in any county, where it shall own property and transact business, shall be effective and confer jurisdiction over the corporation. The lower Court held that the Bottling Company was subject to the jurisdiction, and suable in, the Court of Common Pleas for Darlington County, upon the ground that it owns property and transacts business in such county. This Court, in reversing such holding, said:

"We seek the legislative intent in providing that a domestic corporation may be sued in any county where it owns property and transacts its business. The clearest statement that can be found, as it bears upon the facts of this case, is in *Brown v. Palmetto Baking Co.*, 220 S. C. 38, 66 S. E. (2d) 417, 420, where we clearly indicated that not all property temporarily in a county was 'property' within the proviso of Section 10-421. In that case, Palmetto Baking Com-

pany, a domestic baking company, sold its baking products from a truck regularly operated in Williamsburg County, but we held that the truck and its contents, used in making sales and deliveries to retailers in the county, was not sufficient to render the company subject to suit in that county. The following apt observation was made by Mr. Justice Stukes, who authored the opinion:

" '* * * the ownership of property in the county, is not met by ownership of the truck by which respondent's wares were peddled or delivered from another county. If the contrary were held, ownership of a single vehicle might furnish venue in a number or all, of the counties at once, which shows the unsoundness of the appellant's position thereabout.' "

It is provided in Section 10-301 of the 1952 Code of Laws of South Carolina that certain actions in relation to real and personal property must be tried in the county where the subject of the action, or some part thereof, is situated; Section 10-302 of the Code provides that certain other cases, none of which are pertinent to the present case, must be tried in the County where the cause of action or some part thereof arose. It is then provided in Section 10-303 of the Code that "In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action."

We must conclude that the appellant, Marion Lumber Co., is a resident of Marion County, South Carolina, and is not, under the showing here made, subject to suit in the Civil Court of Horry because the appellant does not own property and transact business in the jurisdiction of such Court.

The proper venue for suit against the appellant is in Marion County.

It is provided in Section 10-310 of the 1952 Code of Laws of South Carolina, that "The Court may change the place of trial in the following cases: (1) When the county designated for that purpose in the complaint is not the proper county; * * *".

The respondent asserts that the appellant should have made a special appearance and a motion to dismiss the action because the Civil Court of Horry lacked jurisdiction of the person of the appellant, rather than moving to transfer the case from the Civil Court of Horry to the Common Pleas Court of Marion County. The respondent also asserts that the Civil Court of Horry is one of limited jurisdiction and powers, and being an inferior statutory court has only the jurisdiction given to it by the Act creating it.

By Act No. 99, approved March 27, 1953, 48 St. at Large, p. 118, the General Assembly of this State created "The Civil Court of Horry" and defined its jurisdiction, powers and procedure.

We do not agree with the contention of the respondent. We point out that Section 10-310 of the 1952 Code of Laws, above quoted, provides that the Court may change the place of trial when the "county" designated for that purpose in the complaint is not the proper county.

In the case of *Brigman v. One 1947 Ford Convertible Coupe,* 213 S. C. 546, 50 S. E. (2d) 688, 691, this Court has fully set forth what a defendant should do in the event he desires to question the jurisdiction of the court as to the subject matter or of the person. In that case this court said:

"However, upon further consideration of the matter it would appear that it has been settled beyond question that where an action has been brought in a county where the court does not have jurisdiction of the subject matter or of the person, that the cause cannot be dismissed but must be transferred to the proper county where the Court does have jurisdiction. *All v. Williams,* 87 S. C. 101, 68 S. E. 1041, Ann. Cas. 1912B, 837. Of course, timely motion must be made for a change of venue, as was done in this case."

See also in this connection the cases of *All v. Williams,* 87 S. C. 101, 68 S. E. 1041; *Lillard v. Searson,* 170 S. C.

304, 170 S. E. 449; *Taylor v. Wall,* S. C., 100 S. E. (2d) 400.

If the respondent's contention is correct that a change of venue cannot be granted from a Court of limited jurisdiction, or a County Court, to a Court of Common Pleas, then this Court fell into grievous error in the case of *Becker v. Uhe,* 221 S. C. 334, 70 S. E. (2d) 346. The cited case was one to recover damages for personal injuries received in a collision between an automobile driven by the defendant Uhe, with the plaintiff as a paying passenger, and a tractor-trailer owned by another defendant. The County Court of Richland County refused a motion by the defendants for a change of venue to Darlington County. This Court reversed the County Court and remanded the case for the entry of an order changing the venue from the Richland County Court to the Court of Common Pleas for Darlington County.

There is still another reason why the position of the respondent is not sound. It is provided in Section 4, of the Act creating the "Civil Court of Horry" that,

"All general laws and statutory provisions, applicable generally to the circuit courts of this state and to the trial of cases therein, shall apply to the civil court and to the conduct and trial of cases therein where not inconsistent with this act. * * *"

Section 5 provides,

"The same forms of pleadings, and the same rules of procedure, rules of court, practice and evidence, and subpoenaing of witnesses shall obtain in the civil court as is or shall be provided by law for the trial of civil cases in the circuit court where not inconsistent with the provisions of this act."

Section 6 provides,

"In all cases and special proceedings within the jurisdiction of the civil court and pending therein, the judge of the civil court shall have the same jurisdiction both in open court and at chambers as is possessed by circuit judges in

the circuit court over which they are presiding, or in the circuits in which they are resident judges."

It is apparent that by the provisions above quoted, that the General Assembly of this State intended that all general laws and statutory provisions, including the same rules of procedure and practice as apply in the Circuit Courts of this State, shall be applicable to the Civil Court of Horry.

The Order appealed from is reversed and this case is remanded for the entry of an Order changing the venue from the Civil Court of Horry to the Court of Common Pleas for Marion County, South Carolina.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.