18137

A. E. STALEY MANUFACTURING CO., Respondent, v. W. G. THREATT, O. J. THREATT, JR. and Agnes Threatt, Appellants

(133 S. E. (2d) 824)

*Messrs. Leppard & Leppard,* of Chesterfield, *for Appellants,*

310

*Messrs. H. F. Bell,* of Chesterfield, and *Levi & Witten-berg,* of Sumter, *for Respondent,*

December 10, 1963.

TAYLOR, Chief Justice.

This is an appeal from the Order of the Honorable J. A. Spruill, Jr., refusing Appellants' motion to strike certain allegations of the complaint and granting Respondent's motion for a general Order of reference.

The complaint alleges two causes of action for the foreclosure of two chattel mortgages between the parties. The first cause of action alleges Respondent agreed to sell sufficient turkey feed, on credit, to feed a flock of approximately 889 turkey breeders, and Appellants agreed to purchase

the same and to execute and deliver a chattel mortgage on all turkey breeders "hatched or acquired in the year 1958, together with all increases or additions thereto, whether by reproduction, purchase, acquisition or otherwise, and all eggs produced by said turkey breeders" as security for the indebtedness incurred thereby. It was further alleged that Appellants paid only a portion of the indebtedness and are now in default; and Respondent desires to foreclose the chattel mortgage, bar the equity of redemption, sell the mortgaged chattels and apply the proceeds thereof to and the payment of the indebtedness due. Respondent does not waive deficiency judgment. The second cause of action is substantially the same in regard to a flock of approximately 4,200 turkey poults.

Appellants answered in due time and admitted execution and recordation of the alleged chattel mortgages and that Respondent was the owner and holder thereof. The allegations of indebtedness in both causes of action were denied and no affirmative defense or other matters were alleged or pleaded in the answer.

Appellants moved to strike all allegations pertaining to the alleged chattel mortgages from both causes of action "upon the grounds that all of the chattels secured by the alleged chattel mortgages have been sold under the supervision and direction and by consent of the plaintiff and that all funds derived from the sale thereof have been paid over to the plaintiff."

A motion to strike is addressed to the sound discretion of the Circuit Judge, *Mikell v. McCreery- Pressley Co.,* 105 S. C. 25, 89 S. E. 467; *Staton v. Bell,* 170 S. C. 395, 170 S. E. 666; *Ellen, et al. v. King, et al.,* 227 S. C. 481, 88 S. E. (2d) 598; *J. M. S., Inc., v. Theo,* 241 S. C. 394, 128 S. E. (2d) 697; and his refusal to grant a motion to strike is not appealable, *Sparks v. D. M. Dew & Sons, Inc.,* 230 S. C. 507, 96 S. E. (2d) 488; *Winchester v. United Insurance Co.,* 231 S. C. 288, 98 S. E. (2d) 530; *Blackmon v. United Insurance Co.,* 233 S. C. 424, 105 S. E. (2d) 521.

Appellants' remaining exception alleges the Circuit Judge erred in granting Respondent's motion for a general Order of reference. Apparently this exception is closely related to Appellants' position in regard to their motion to strike. It is contended that if all reference to the alleged chattel mortgages are stricken from the complaint, the only actions remaining would be on the debts, which are properly triable by jury. The trial Judge properly held that the allegations sought to be stricken were competent, relevant and material to the allegation of a cause of action for foreclosure of a chattel mortgage. The action for the foreclosure of a chattel mortgage being equitable in nature, *Speizman v. Guill,* 202 S. C. 498, 25 S. E. (2d) 731; *General Plywood Corp. v. Richard Jones, Inc.,* 216 S. C. 322, 57 S. E. (2d) 636; *W. C. Caye & Co. v. Saul,* 229 S. C. 306, 92 S. E. (2d) 696; a general Order of reference was in order.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.